RENE L. VALLADARES
Federal Public Defender
Nevada Bar No. 11479
DAVID ANTHONY
Assistant Federal Public Defender
Nevada Bar No. 7978
david_anthony@fd.org
BRAD D. LEVENSON
Assistant Federal Public Defender
California Bar No. 166073
brad_levenson@fd.org
TIMOTHY R. PAYNE
Assistant Federal Public Defender
Ohio Bar No. 0069329
tim_payne@fd.org
411 E. Bonneville, Ste. 250
Las Vegas, Nevada 89101
(702) 388-6577
(702) 388-5819 (Fax)

Attorneys for Plaintiff Zane M. Floyd

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ZANE M. FLOYD,<br><br>        Plaintiff,<br><br>   v.<br><br>CHARLES DANIELS, Director, Nevada Department of Corrections; HAROLD WICKHAM, NDOC Deputy Director of Operations; WILLIAM GITTERE, Warden, Ely State Prison; WILLIAM REUBART, Associate Warden at Ely State Prison; DAVID DRUMMOND, Associate Warden at Ely State Prison; IHSAN AZZAM, Chief Medical Officer of the State of Nevada; DR. MICHAEL MINEV, NDOC Director of Medical Care, DR. DAVID GREEN, NDOC Director of Mental Health | Case No._____<br>(To be supplied by the Clerk)<br><br>**PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER WITH NOTICE AND PRELIMINARY INJUNCTION**<br><br>**(DEATH PENALTY CASE)**<br><br>**EXECUTION WARRANT SOUGHT BY THE STATE FOR THE WEEK OF JUNE 7, 2021**<br><br>**ORAL ARGUMENT REQUESTED** |

| | |
|---|---|
| Care, LINDA FOX, NDOC Director of Pharmacy; JOHN DOES I-XV, NDOC execution team members, | |
| Defendants. | |

DATED this 16h day of April, 2021.

RENE L. VALLADARES
Federal Public Defender
District of Nevada

*/s/ David Anthony*
DAVID ANTHONY
Assistant Federal Public Defender

*/s/ Brad D. Levenson*
BRAD D. LEVENSON
Assistant Federal Public Defender

*/s/ Timothy R. Payne*
TIMOTHY R. PAYNE
Assistant Federal Public Defender

**MOTION FOR TEMPORARY RESTRAINING ORDER WITH NOTICE AND PRELIMINARY INJUNCTION ITH BRIEF IN SUPPORT**

Plaintiff Zane Floyd, by and through his counsel, moves this Court for a temporary restraining order, with notice and preliminary injunction against the Defendants preventing them from executing Plaintiff by lethal injection until further order of the Court. This request for injunctive relief is submitted pursuant to Rule 65 (a) and (b) of the Federal Rules of Civil Procedure.

## STATEMENT OF THE CASE

Plaintiff is a prisoner confined under the supervision of the Nevada Department of Corrections (NDOC). Plaintiff's NDOC Prisoner No. is 66514. Plaintiff has been sentenced to death by lethal injection. The State, through an April 14, 2021 state court application filed by the Office of the Clark County District Attorney for an Order of Execution, seeks to execute Plaintiff during the week commencing on the 7th day of June, 2021.

The Defendants are employees of the State of Nevada. Currently, Defendant Charles Daniels is the Director of NDOC, in Las Vegas. Nevada. William Gittere is the Warden of the Ely State Prison in Ely, Nevada. The Defendants are charged with carrying out the execution of Plaintiff.

Plaintiff has initiated this action by filing, contemporaneous to the instant motion, a Complaint pursuant to 42 U.S.C. section 1983. The Complaint asserts that the State of Nevada intends to carry out Plaintiff's execution utilizing an experimental lethal injection protocol, never previously used by Nevada or any other state.

Counsel for Plaintiff presumes that the State of Nevada intends to carry out Plaintiff's execution in accordance with its Execution Protocol dated June 11, 2018. That protocol calls for utilization of three drugs – midazolam, fentanyl and cisatracurium - to be administered sequentially. The protocol is experimental and presents the first instance of a state proposing to use a paralytic agent as the final, killing drug.

Plaintiff asserts the Defendants are acting under color of Nevada law in designing the NDOC protocol for execution by lethal injection. Plaintiff asserts that the current Execution Protocol as well as the selection and administration of the chemicals, in amounts and combinations determined by the Defendants, either will unnecessarily risk conscious suffering and pain in the execution of the sentence of death, or the Defendants are deliberately indifferent to Plaintiff's health, welfare, and safety, or both.

Plaintiff asserts that the risk of substantial harm and suffering presented by Nevada's execution protocol violates Plaintiff's constitutional guarantees to be free from cruel and unusual punishment under the Eighth Amendment and to have his sentence carried out in accordance with due process of law under the Fourteenth Amendment.

Plaintiff is aware of his duty to exhaust administrative remedies, and is currently proceeding to fulfill that duty.

Plaintiff further asserts that Defendants are unable to safely implement the proposed 3-drug lethal injection procedure, creating a substantial risk of harm to

Plaintiff. The risks associated with Defendants' failure to comply with their protocol are intertwined with the risks associated with Defendants' lack of adequate training and use of an untested, experimental procedure, including the untried use of a paralytic agent as the third and final drug. The Defendants' proposed procedure could very well result in a torturous execution for Plaintiff.

## ARGUMENT AND AUTHORITY
## SUPPORTING REQUEST FOR INJUNCTIVE RELIEF

### I.     LEGAL STANDARDS APPLICABLE TO MOTION

Consonant with Rule 65, Plaintiff is requesting an injunction to preserve the status quo until a full trial on the merits of his Complaint can be conducted. Irreparable injury will occur if Defendants are not restrained from proceeding with Plaintiff's execution under NDOC's hastily designed and subsequently retrofitted protocol, or any further redesign, using the chemicals in amounts and combinations devised and administered by Defendants. A preliminary injunction precluding Plaintiff's execution is the only remedy available to protect the Constitutional rights secured to Plaintiff by the Eighth and Fourteenth Amendments to the United States Constitution.

The standard a moving party must meet to obtain injunctive relief in the form of a temporary restraining order or a preliminary injunction is the same: the moving party must show: (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm, (3) the balance of hardships favors the plaintiff, and (4) an injunction is in the public interest. *Johnson v. California State Bd. Of Accountancy*, 72 F.3d 1427, 1430 (9th Cir. 1995).

The Ninth Circuit case law is in accord with United States Supreme Court decisions. A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of the equities tips in his favor, and that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008), citing *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008); *Amoco Prod. Co. v. Gambell*, 480 U.S. 531, 542 (1987); *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 311-12 (1982).

The purpose of a preliminary injunction is to "preserve the court's power to render a meaningful decision after a trial on the merits[.]" *Alabama v. United States Army Corps of Engineers*, 424 F.3d 1117, 1128 (11th Cir. 2005), quoting 11A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice And Procedure: Civil*, § 7 (2d ed.).

> Although the fundamental fairness of preventing irremediable harm to a party is an important factor on a preliminary-injunction application, the most compelling reason in favor of entering a Rule 65(a) order is the need to prevent the judicial process from being rendered futile by defendant's action or refusal to act. . . . [T]he preliminary injunction is appropriate whenever the policy of preserving the court's power to decide the case effectively outweighs the risk of imposing an interim restraint before it has done so.

*Id.*

/ / /

/ / /

## II. APPLICATION OF LEGAL STANDARDS TO FACTS

### A. Irreparable Injury

The harm the plaintiff seeks to prevent with the preliminary injunction must be both likely and irreparable. "Under *Winter*, plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction." *Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir.2011).

"Torture and death are also clearly irreparable harms." *Villanueva-Bustillos v. Marin*, 370 F.Supp.3d 1083, 1090 (C.D. Cal. 2018). Deprivation of constitutional rights "unquestionably constitutes irreparable injury." *Id.* (quoting *Hernandez v. Sessions*, 872 F.3d 976, 994 (9th Cir. 2017) (citation omitted)).

There is nothing more final and irreversible than death. Plaintiff cannot be compensated adequately through money damages if or when Defendants violate his constitutional rights in executing him. The unconstitutional execution of Plaintiff before he has a chance to be heard on the merits of his claims would constitute irreparable harm for which there is no adequate remedy. A "final judgment" in the above-captioned case following a merits trial will be useless for Plaintiff if his execution is not stayed and preliminarily enjoined. This factor weighs in Plaintiff's favor.

In Plaintiff's Complaint, he identifies the procedures to be used by the Defendants to carry out his execution. Given that Defendants have hastily thrown together a new execution cocktail, the probability of Plaintiff sustaining an irreparable injury is substantial as he may be tortured to death through use of this

new combination which has yet to be tested or be examined adequately by medical experts.

Risks associated with the Defendants' proposed use of its 3-drug procedure relate to Defendants' intentions to: use midazolam as the initial, anesthetizing agent, which has known shortcomings with respect to achieving sufficient anesthetic depth to prevent sensation of pain, causing painful flash pulmonary edema, and has been linked to a number of botched executions; use fentanyl as the second agent which has rarely been used in an execution and lacks the capacity to sufficiently block awareness; and use of a paralytic agent as the third and final killing agent which presents a wholly unnecessary risk of causing excruciating pain and suffering.

The Defendants' proposed use of a new, and untested 3-drug injection procedure that is recognized by the medical profession to require a high degree of skill and training, coupled with the documented failures and botched executions involving use of midazolam, establish there is an imminent, identifiable, and substantial risk that Plaintiff will experience conscious suffering and pain incident to and during the execution of his sentence of death beyond what is attendant to the act of dying by lethal injection.

Under these circumstances, irreparable harm warranting injunctive relief is established.

///

///

### B. The "Balance of Harms:" The Threatened Injury to Plaintiff Outweighs Any Arguable Injury to Defendants.

In determining the "balance of harms," the Court must consider the nature of the irreparable injury the movant has demonstrated in light of the injury that would likely result if the actions of the defendant were restrained. Applying this factor, courts have held in favor of movants who demonstrated damage, which could not be ameliorated through conventional methods and could be avoided at less significant consequence to the defendant.

While admittedly the State of Nevada has an interest in seeing finality in its criminal prosecutions by imposing the sentence of death, substantial harm to the State will not follow from this stay of execution.

Plaintiff is seeking to prevent Defendants from violating his constitutional rights in the process of carrying out his sentence. Under these circumstances, this Court should not permit Plaintiff's execution to proceed before the Court has the opportunity to review the full merits of his constitutional claims. The delay resulting from granting the relief sought here will have little adverse effect on the State's interest and will ensure that it does not perform an unconstitutional execution.

Furthermore, Plaintiff "has a strong interest in being executed in a constitutional manner." *Beaty v. Brewer*, 649 F.3d 1071, 1072 (9th Cir. 2011). That interest outweighs the State's interest in carrying out an unconstitutional execution.

Indeed, precedent dictates that where a plaintiff's safety from physical harm is at risk, and entry of a preliminary injunction or temporary restraining order would simply maintain the status quo while reducing that risk, the balance of equities tips in the plaintiff's favor. *See Kester v. Diaz*, No. 19-cv-04205, 2019 WL 3997483 at *5 (N.D. Cal. August 23, 2019) ("Given that plaintiff may suffer a severe assault or death if placed on [a particular prison yard] and that he is currently housed in an SNY (sensitive needs yard), the balance of equities tips in his favor. The temporary restraining order would simply maintain the status quo and reduce the risk to plaintiff's safety."); *see also University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981) ("The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held.").

Accordingly, the risk that Plaintiff will be subjected to an unconstitutional execution outweighs the State's interest in carrying out Plaintiff's currently scheduled execution.

### C. The Injunction Is Not Adverse to the Public Interest

The Eighth Amendment prohibits cruel and inhumane executions. *See Baze v. Rees,* 553 U.S. 35, 48–50 (2008); *Glossip v. Gross,* 135 S. Ct. 2726, 2737 (2015). The public has no interest in seeing its citizens' rights violated in the context of the execution process. *See In re: Kemmler*, 136 U.S. 436 (1890).

"[T]here is the highest public interest in due observance of all constitutional guarantees[.]" *McNearney v. Washington Dept. of Corrections*, No. C-11-5930, 2012 WL 3545267 at* 16 (W.D. Wash. June 15, 2012), citing *United States v. Raines*, 362 U.S. 17, 27 (1960); accord *Legal Aid Soc'y of Hawaii v. Legal Services Corp.*, 961

F.Supp. 1402, 1409 (D.Haw.1997) ("perhaps no greater public interest exists than protecting a citizen's rights under the constitution.").

Here, the public has an interest in seeing that Plaintiff's Eighth Amendment rights are not violated. *Carmichael v. Aranas*, No. 3:17–cv–00025, 2017 WL 8944097 at *11 (D. Nev. April 7, 2017); *see also Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (citing *Elrod v. Burns*, 427 U.S. 347, 373 (1976) ("it is always in the public interest to prevent the violation of a party's constitutional rights."); *see also Kester v. Diaz*, No. 19-cv-04205, 2019 WL 3997483 (N.D. Cal. August 23, 2019) (the public has an interest in protecting inmates' Eighth Amendment right to be free from deliberate indifference to their safety).

In this case, a preliminary injunction would not preclude the Defendants from executing Plaintiff by lethal injection; it would have the immediate effect of preventing the Defendants from carrying out the execution of Plaintiff based on a hastily designed protocol followed by a rash decision to substitute midazolam as the first drug to be administered. A preliminary injunction would preclude the Defendants from proceeding with the execution of Plaintiff under a poorly assembled, untested protocol. A delay for purposes of ensuring Plaintiff's Eighth and Fourteenth Amendment Constitutional rights are not violated would neither materially disadvantage nor injure the Defendants. Conversely, allowing the execution of Plaintiff to proceed presents a grave risk to Plaintiff's Constitutional rights to be free from cruel and unusual punishment as well as the arbitrary and capricious actions of the Defendants in the execution of his sentence of death under

the Eighth Amendment. Allowing the execution to proceed would likewise present a grave risk to Plaintiff's constitutional rights under the due process clause of the Fourteenth Amendment. Plaintiff's substantial risk of irreparable injury patently outweighs any arguable inconvenience, delay, or amendment of process the Defendants might experience.

The public's interest in the timely administration of criminal justice processes must be balanced against the public's interest in the Constitutional administration of all criminal justice sentences, including sentences of death. Death by lethal injection was proposed and adopted as a humane method of enforcing the death penalty. With the Defendants' promulgation of an untested, experimental lethal injection procedure, there is a great risk the outcome will not be humane. The citizens of Nevada and, indeed, the Defendants as agents of the State of Nevada, have an interest in ensuring the execution protocol does not result in torture or conscious physical suffering. The public's interest in the outcome of this proceeding weighs in favor of granting injunctive relief.

### D.  Likelihood of Success

Under this factor, plaintiff must show a "fair chance of success on the merits" of his claim. *Sports Form, Inc. v. United Press International, Inc.*, 686 F.2d 750, 754 (9th Cir.1982) (internal citation omitted).

The evaluation of this factor requires the court to examine the merits of the Plaintiff's claim in light of the limited factual record and the relative positions of the parties. As referenced previously, the Ninth Circuit has adopted a relaxed showing on this prong when the movant has demonstrated the other requirements.

Specifically, "where the 'balance of hardships . . . tips sharply towards the plaintiff,' a plaintiff need only show 'serious questions going to the merits,' rather than likelihood of success on the merits, to warrant preliminary injunctive relief." *Roman v. Wolf*, --- F.3d ---- (9th Cir. 2020) 2020 WL 6040125 at *4, quoting *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011); *see also Villanueva-Bustillos v. Marin*, 370 F.Supp.3d 1083, 1087 (C.D. Cal. 2018).

Plaintiff has shown the other factors to be "tipped" in his favor. Through this litigation, Plaintiff is seeking enforcement of his right not to be subjected to cruel and unusual punishment in the form of torture or unnecessary conscious physical suffering, or both, during the course of his execution. This right is guaranteed by the Eighth Amendment and enforceable against the States through the Fourteenth Amendment. Plaintiff is also seeking enforcement of his right not to be deprived of life through the arbitrary and capricious actions of persons acting under color of State law. This Constitutional right is guaranteed to Plaintiff by the Fifth Amendment and is enforceable against the States through the Fourteenth Amendment. The risk that Plaintiff will be denied his Constitutional rights is imminent and substantial. The death of an inmate through lethal injection procedures that risk torture and unnecessary conscious physical suffering is the quintessence of unconstitutional action by the State resulting in irreparable injury.

### III. CONCLUSION

All of the considerations applicable to this Motion militate in favor of Plaintiff's request. No public purpose will be served by subjecting Plaintiff to the

1 clearly identified, verifiable, and substantial risk of unnecessary conscious physical
2 suffering and torture presented by NDOC's execution procedures. There is no
3 remedy at law for the consequences of such a violation of Plaintiff's Constitutional
4 rights. Equity favors preserving the status quo and allowing this litigation to
5 proceed to a full hearing on the merits.

6     For the reasons stated here and in Plaintiff's Complaint, this Court should grant injunctive relief, staying Plaintiff's execution warrant and enjoining Defendants or anyone from attempting to implement any aspect of Nevada's execution protocol against him.

DATED this 16th day of April, 2021.

> Respectfully submitted
> RENE L. VALLADARES
> Federal Public Defender
>
> */s/ David Anthony*
> DAVID ANTHONY
> Assistant Federal Public Defender
>
> */s/ Brad Levenson*
> BRAD LEVENSON
> Assistant Federal Public Defender
>
> */s/ Timothy R. Payne*
> TIMOTHY R. PAYNE
> Assistant Federal Public Defender

# CERTIFICATE OF SERVICE

In accordance with LR IC 4-1(c) of the Local Rules of Practice, the undersigned hereby certifies that on the 16th day of April, 2021, a true and correct copy of the foregoing PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER WITH NOTICE AND PRELIMINARY INJUNCTION was filed electronically with the CM/ECF electronic filing system and was sent via email, addressed to counsel as follows:

D. Randall Gilmer
Chief Deputy Attorney General
Office of the Nevada Attorney General
Public Safety Division
555 E. Washington Avenue, Suite 3900
Las Vegas, NV 89101
Phone: 702.486.3427
Fax:  702.486.3773
drgilmer@ag.nv.gov

*/s/ Sara Jelinek*
An Employee of the Federal Public
Defenders Office, District of Nevada