UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ZANE M. FLOYD,<br><br>    Plaintiff,<br>v.<br><br>CHARLES DANIELS, *et al.*,<br><br>    Defendants. | Case No. 3:21-cv-00176-RFB-CLB<br><br>**SCREENING ORDER** |

Plaintiff Zane Floyd, a death row inmate in the custody of the Nevada Department of Corrections ("NDOC") at Ely State Prison ("ESP"), has submitted a counseled civil rights complaint pursuant to 42 U.S.C. § 1983 (ECF No. 2), an incomplete application to proceed *in forma pauperis* (ECF No. 1), a motion for temporary restraining order (ECF No. 5), a motion for preliminary injunction (ECF No. 6), and a motion for disclosure of method of execution (ECF No. 7).

Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is incomplete. Counsel intends to submit a signed application to proceed *in forma pauperis* once counsel receives the application from Plaintiff. (*Id.* at 3 n.1). Counsel should note that a fully complete application to proceed *in forma pauperis* includes pages 1-3 of the form application, a completed financial certificate (page 4 of the form application), and an inmate account statement from the prison for the previous six-month period. Plaintiff has until **May 10, 2021** to submit a fully complete application to proceed *in forma pauperis* or to pay the full $402 filing fee for a civil action in order to proceed with this case.

The Court will address the motion for temporary restraining order (ECF No. 5), the motion for preliminary injunction (ECF No. 6), and the motion for disclosure of method of execution (ECF No. 7) in a separate order. The Court now screens Plaintiff's civil rights complaint under 28 U.S.C. § 1915A.

I.   **SCREENING STANDARD**

Federal courts must conduct a preliminary screening in any case in which an incarcerated person seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act ("PLRA"), a federal court must dismiss an incarcerated person's claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id*.

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Finally, all or part of a complaint filed by an incarcerated person may therefore be dismissed *sua sponte* if that person's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II. SCREENING OF COMPLAINT

In the complaint, Plaintiff sues multiple defendants over the constitutionality of Nevada's current execution protocol. (ECF No. 2). Plaintiff sues Defendants NDOC Director Charles Daniels, Deputy Director of Operations Harold Wickham, Warden William Gittere, Associate Warden William Reubart, Associate Warden David Drummond, State of Nevada Chief Medical Officer Dr. Ihsan Azzam, NDOC Director of Medical Care Dr. Michael Minev, NDOC Director of Mental Health Dr. David Green, NDOC Pharmacy Director Linda Fox, and John Does (unnamed and anonymous execution team members). (*Id.* at 9-11). Plaintiff brings four claims and seeks declaratory and injunctive relief. (*Id.* at 56, 61). With respect to injunctive relief, Plaintiff seeks an order commanding Defendants not to carry out any lethal injunction until Defendants "take the reasonable and necessary steps to devise a new procedure or procedures to carry out a lawful execution and produce a new execution protocol, with reasonable and necessary adjustments made, so that [Plaintiff] may be executed in a constitutional manner." (*Id.* at 61). Plaintiff also seeks an order "commanding defendants to permit [Plaintiff] access to his counsel and to the courts on the day of his execution, including during the final hours and moments leading up to the execution, and to permit [Plaintiff] the right to the presence of his counsel to witness and observe the execution of his client." (*Id.*)

Because the complaint was filed by counsel, the Court will not summarize the allegations of the complaint in this screening order. In Claim 1, Plaintiff alleges that the current execution protocol violates his Eighth and Fourteenth Amendment rights to be free from cruel and usual punishment. (*Id.* at 39). In Claim 2, Plaintiff alleges that the current execution protocol violates his Fifth, Eighth and, Fourteenth Amendment rights to medical care and to be free from serious harm. (*Id.* at 53-54). In Claim 3, Plaintiff alleges that his execution under the current execution protocol violates his Fifth and Fourteenth Amendment rights to due process. (*Id.* at 55). In Claim 4, Plaintiff alleges that the current execution protocol violates his First, Sixth, and Fourteenth Amendment rights to access the courts, counsel, and to meaningfully litigate claims. (*Id.* at 56).

### A. Fifth Amendment Claims

The Court dismisses Plaintiff's Fifth Amendment claims. Plaintiff is suing state officials rather than federal government officials. *See Castillo v. McFadden*, 399 F.3d 993, 1002 n.5 (9th Cir. 2005) (holding that "[t]he Fifth Amendment prohibits the federal government from depriving persons of due process, while the Fourteenth Amendment explicitly prohibits deprivations without due process by the several States.").

### B. Claim 1

In Claim 1, Plaintiff alleges the following: Nevada's three-drug execution protocol utilizing midazolam, fentanyl, and cisatracurium violates Plaintiff's Eighth and Fourteenth Amendment rights to be free from infliction of cruel and unusual punishment. (ECF No. 2 at 39). Plaintiff alleges that the three drugs create an unconstitutional risk of pain and suffering and that Nevada's protocol increases the substantial risk of harm because the protocol lacks adequate training for members of the execution team and does not provide Plaintiff adequate access to counsel or the courts on the day of execution. (*Id.* at 40-46). Plaintiff identifies execution by firing squad and lethal injection by a two-drug protocol as feasible, readily implemented alternative methods of execution that would significantly reduce the substantial risk of severe pain. (*Id.* at 47-53).

The Eighth Amendment, applicable to the States through the Fourteenth Amendment, prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. The Supreme Court recognizes that "subjecting individuals to a risk of future harm—not simply actually inflicting pain—can qualify as cruel and unusual punishment." *Baze v. Rees*, 553 U.S. 35, 49 (2008). To establish that a method of execution violates the Eighth Amendment, a plaintiff must demonstrate that the challenged method presents a risk that is "sure or very likely to cause serious illness and needless suffering," and give rise to "sufficiently imminent dangers." *Id.* at 50 (quoting *Helling v. McKinney*, 509 U.S. 25, 33 (1993)); *see Glossip v. Gross*, 576 U.S. 863, 877 (2015). To prevail on the claim, "there must be a 'substantial risk of serious harm,' an 'objectively intolerable risk of harm' that prevents prison officials from pleading that they were 'subjectively blameless for

purposes of the Eighth Amendment.'" *Baze*, 553 U.S. at 50 (quoting *Farmer v. Brennan*, 511 U.S. 825, 842, 846, and n. 9, (1994)); *see Glossip*, 576 U.S. at 877. A plaintiff challenging the State's method of execution also "must show a feasible and readily implemented alternative method of execution that would significantly reduce a substantial risk of severe pain and that the State has refused to adopt without a legitimate penological reason." *Bucklew v. Precythe*, 139 S.Ct. 1112, 1125 (2019) (reaffirming that identifying an available alternative is a requirement of all Eighth Amendment method-of-execution claims alleging cruel pain).

The Court finds that Plaintiff has provided sufficient allegations to state a colorable Eighth Amendment claim for the method of execution for screening purposes. This claim will proceed against Defendants Daniels, Wickham, Gittere, Reubart, Drummond, Dr. Azzam, Dr. Minev, Dr. Green, Fox, and John Does[1] when Plaintiff learns their identities.

**C.     Claim 2**

In Claim 2, Plaintiff alleges that the current execution protocol violates his Eighth and Fourteenth Amendment rights against deliberate indifference and substantial risk of serious harm. (ECF No. 2 at 53-54).

Plaintiff does not fully elaborate all of the details of his Eighth Amendment deliberate indifference to his serious medical needs in this claim. (*See* ECF No. 2 at 54). The Court construes this claim to be challenging the current execution protocol's failure to provide assurance that a trained, qualified medical professional who can properly assess anesthetic depth will be part of the execution team. (*See* ECF No. 2 at 43).

The Court will permit this claim to proceed past screening. In *Nelson v. Campbell*, 541 U.S. 637 (2004), the Supreme Court recognized that a condemned inmate could raise

---

[1] Although the use of "Doe" to identify a defendant is not favored, flexibility is allowed in some cases where the identity of the parties will not be known prior to filing a complaint but can subsequently be determined through discovery. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). If the true identity of any of the Doe Defendant(s) comes to light during discovery, Plaintiff may move to substitute the true names of Doe Defendant(s) to assert claims against the Doe Defendant(s) at that time.

an Eighth Amendment deliberate indifference to serious medical needs claim with respect to certain medical procedures scheduled to take place during the execution. *Id.* at 642 (discussing the medical procedures being used to gain venous access). This claim will proceed against Defendants Daniels, Wickham, Gittere, Reubart, Drummond, Dr. Azzam, Dr. Minev, Dr. Green, Fox, and John Does when Plaintiff learns their identities.

**D.     Claim 3**

In Claim 3, Plaintiff alleges that the current execution protocols violate his Fourteenth Amendment right to due process. (ECF No. 2 at 55).  Specifically, Plaintiff asserts that he is entitled to notice and an opportunity to be heard before being deprived of life. (*Id.*)  Plaintiff asserts that Defendants have not disclosed sufficient information or details regarding the development of the execution protocol or the procedures that will be used to carry out Plaintiff's execution, thus, preventing Plaintiff from determining whether the execution protocols violate federal law or constitute cruel and unusual punishment. (*Id.*)

The Court will permit the Fourteenth Amendment due process claim to proceed past screening.  The Ninth Circuit recognizes that there is a procedural due process right to obtain detailed information regarding the execution protocols. *First Amend. Coal. of Arizona, Inc. v. Ryan*, 938 F.3d 1069, 1080 (9th Cir. 2019) (acknowledging a potential procedural due process right); *Lopez v. Brewer*, 680 F.3d 1068, 1072, 1079-84 (9th Cir. 2012) (Berzon, J., concurring in part and dissenting in part) (opining that the department of corrections violated the condemned inmate's procedural due process rights even though issue was not raised on appeal).  This claim will proceed against Defendants Daniels, Wickham, Gittere, Reubart, Drummond, Dr. Azzam, Dr. Minev, Dr. Green, Fox, and John Does when Plaintiff learns their identities.

**E.     Claim 4**

In Claim 4, Plaintiff alleges that the current execution protocol violates his First, Sixth, and Fourteenth Amendment rights of access to courts, counsel, and to meaningfully litigate claims. (ECF No. 2 at 56).  Plaintiff alleges that the current execution protocol has

no provision ensuring that Plaintiff can communicate directly and in-person with his counsel at and around the time of the scheduled execution, including the day of his execution. (*Id.*) Plaintiff alleges that the protocol does not have any provision ensuring Plaintiff will have ready access to a phone or otherwise be able to communicate directly and immediately with the courts or other governmental officials at the time of and around his execution. (*Id.*) Plaintiff alleges that the protocol fails to provide for counsel's attendance as a witness to the execution to oversee the protection of Plaintiff's constitutional rights throughout the process of the execution. (*Id.*)

The Court will permit the First, Sixth and Fourteenth Amendment claims to access to counsel and the courts to proceed past screening. The Ninth Circuit has acknowledged that a condemned inmate has a right to access to counsel and the courts on the day of the execution and the days leading up to the execution. *Lopez v. Brewer*, 680 F.3d 1068, 1076-78 (9th Cir. 2012) (ordering that the department of corrections permit counsel in-person non-contact visitation on the morning of the scheduled execution); *Towery v. Brewer*, 672 F.3d 650, 658 (9th Cir. 2012) (ordering the department of corrections to permit counsel to have in-person visits with their clients including the morning of the execution). This claim will proceed against Defendants Daniels, Wickham, Gittere, Reubart, Drummond, Dr. Azzam, Dr. Minev, Dr. Green, Fox, and John Does when Plaintiff learns their identities.

### III. CONCLUSION

**IT IS THEREFORE ORDERED** that the application to proceed *in forma pauperis* (ECF No. 1) is denied without prejudice as incomplete.

**IT IS FURTHER ORDERED** that on or before **May 10, 2021** Plaintiff will file (1) a completed Application to Proceed *in Forma Pauperis* for Inmate, on this Court's approved form (i.e. pages 1 through 3 with the inmate's two signatures on page 3), (2) a Financial Certificate properly signed by both the inmate and a prison official (i.e. page 4 of this Court's approved form), and (3) a copy of the inmate's prison trust fund account statement

<u>for the previous six-month period</u>.  Alternatively, Plaintiff may choose not to file an application to proceed *in forma pauperis* and instead pay the full filing fee of $402 on or before **May 10, 2021** to proceed with this case.

**IT IS FURTHER ORDERED** that the operative complaint is located at ECF No. 2.

**IT IS FURTHER ORDERED** that Claim 1, alleging Eighth Amendment method-of-execution violations, will proceed against Defendants Daniels, Wickham, Gittere, Reubart, Drummond, Dr. Azzam, Dr. Minev, Dr. Green, Fox, and John Does when Plaintiff learns their identities.

**IT IS FURTHER ORDERED** that Claim 2, alleging Eighth Amendment deliberate indifference to serious medical needs, will proceed against Defendants Daniels, Wickham, Gittere, Reubart, Drummond, Dr. Azzam, Dr. Minev, Dr. Green, Fox, and John Does when Plaintiff learns their identities.

**IT IS FURTHER ORDERED** that Claim 3, alleging Fourteenth Amendment due process violations, will proceed against Defendants Daniels, Wickham, Gittere, Reubart, Drummond, Dr. Azzam, Dr. Minev, Dr. Green, Fox, and John Does when Plaintiff learns their identities.

**IT IS FURTHER ORDERED** that Claim 4, alleging First, Sixth and Fourteenth Amendment violations regarding access to counsel and the courts, will proceed against Defendants Daniels, Wickham, Gittere, Reubart, Drummond, Dr. Azzam, Dr. Minev, Dr. Green, Fox, and John Does when Plaintiff learns their identities.

**IT IS FURTHER ORDERED** that the Fifth Amendment claim is dismissed.

**IT IS FURTHER ORDERED** that the motion for temporary restraining order (ECF No. 5), motion for preliminary injunction (ECF No. 6), and motion for disclosure of method of execution (ECF No. 7) will be addressed in a separate order.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall electronically **SERVE** a copy of this order and a copy of Plaintiff's complaint (ECF No. 2) on the Office of the Attorney General of the State of Nevada, by adding the Attorney General of the State of Nevada to the docket sheet.  This does not indicate acceptance of service.

**IT IS FURTHER ORDERED** that service must be perfected within ninety (90) days from the date of this order pursuant to Fed. R. Civ. P. 4(m).

**IT IS FURTHER ORDERED** that by **April 30, 2021**, the Attorney General's Office shall file a notice advising the Court and Plaintiff of: (a) the names of the defendants for whom it accepts service; (b) the names of the defendants for whom it does not accept service, and (c) the names of the defendants for whom it is filing the last-known-address information under seal. As to any of the named defendants for whom the Attorney General's Office cannot accept service, the Office shall file, *under seal*, but shall not serve the inmate Plaintiff the last known address(es) of those defendant(s) for whom it has such information. If the last known address of the defendant(s) is a post office box, the Attorney General's Office shall attempt to obtain and provide the last known physical address(es).

**IT IS FURTHER ORDERED** that, if service cannot be accepted for any of the named defendant(s), Plaintiff shall file a motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a full name and address for the defendant(s). For the defendant(s) as to which the Attorney General has not provided last-known-address information, Plaintiff shall provide the full name and address for the defendant(s).

**IT IS FURTHER ORDERED** that if the Attorney General accepts service of process for any named defendant(s), such defendant(s) shall file and serve an answer or other response to the complaint by **May 7, 2021**.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon defendant(s) or, if an appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion or other document submitted for consideration by the Court. If Plaintiff electronically files a document with the Court's electronic-filing system, no certificate of service is required. Fed. R. Civ. P. 5(d)(1)(B); Nev. Loc. R. IC 4-1(b); Nev. Loc. R. 5-1. However, if Plaintiff mails the document to the Court, Plaintiff shall include with the original document submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the defendants. If counsel has

entered a notice of appearance, Plaintiff shall direct service to the individual attorney named in the notice of appearance, at the physical or electronic address stated therein. The Court may disregard any document received by a district judge or magistrate judge which has not been filed with the Clerk, and any document received by a district judge, magistrate judge, or the Clerk which fails to include a certificate showing proper service when required.

**IT IS FURTHER ORDERED** that Defendants responses to the Motion for Preliminary Injunction (ECF No. 6), the Motion for Temporary Restraining Order (ECF No. 5), the Motion for Disclosure of Method of Execution (ECF No. 7) and Motion for Stay of Execution are all due by **May 2, 2021**.

I**T IS FURTHER ORDERED** that a status conference and hearing on the motions is set for **11:30 a.m. on May 3, 2021**. The details of this conference will be sent separately by the Court's deputy.

DATED: <u>April 24, 2021</u>.

**RICHARD F. BOULWARE II**
UNITED STATES DISTRICT JUDGE