# EXHIBIT J – DECLARATION OF CHARLES DANIELS, DIRECTOR OF THE NEVADA DEPARTMENT OF CORRECTIONS

AARON D. FORD
 Attorney General
D. Randall Gilmer (Bar No. 14001)
 Chief Deputy Attorney General
State of Nevada
Office of the Attorney Generals
555 E. Washington Ave., Ste. 3900
Las Vegas, Nevada 89101
Telephone: (702) 486-3427
Facsimile: (702) 486-3773
Email: DGilmer@ag.nv.gov

*Attorneys for Defendants Daniels,*
*Wickham, Gittere, Reubart, Drummond,*
*Minev, Green and Fox (NDOC Defendants)*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ZANE M. FLOYD, | Case No. 3:21-cv-00176-RFB-CLB |
| Plaintiff, | |
| v. | **DECLARATION OF CHARLES DANIELS, DIRECTOR OF THE NEVADA DEPARTMENT OF CORRECTIONS** |
| CHARLES DANIELS, DIRECTOR, NEVADA DEPARTMENT OF CORRECTIONS, ET AL., | |
| Defendants. | |

I, Charles Daniels, hereby declare based on personal knowledge and/or information and belief, that the following assertions are true.

1.      Since December 3, 2019, I have been employed by the Nevada Department of Corrections (NDOC) as Director for the Nevada Department of Corrections.  This position is appointed by, and serves at the pleasure of, the Governor. As Director, I am responsible for all aspects of NDOC.

2.      I have worked in corrections for over thirty (30) years. This time includes twenty-eight (28) years working for the Federal Bureau of Prisons. During my time with the Federal Bureau of Prisons, I held a multitude of leadership positions, including serving as senior deputy assistant director, and working as the complex warden for federal facilities in Beaumont, Texas and Terre Haute, Indiana.

3.      Upon retirement from federal service in 2016, I joined the New York City Department of Corrections, where I worked for until being appointed as Deputy Commissioner of Operations for the Alabama Department of Corrections.

4.      One of my duties as Director of NDOC is to ensure select an appropriate lethal injection protocol for the purposes of ensuring that any judicially authorized execution warrant and order be carried out in a manner consistent with the constitutional rights of the condemned individual.

5.      While execution is a serious and heavy responsibility, I have been informed in various aspects of executions throughout my thirty-year career in corrections. Therefore, should a judicially valid execution warrant and order be issued regarding Mr. Zane Floyd, the plaintiff in this case, or any other inmate within the care and custody of the NDOC, I will ensure that the execution warrant and order are carried out competently and in a manner that is consistent with the constitutional prohibitions against cruel and unusual punishment.

6.      To ensure that my duty in this regard is carried out effectively, I will, consistent with the requirements of Nev. Rev. Stat. 176.355, ensure that any judgment of death be completed through the use of "an injection of a lethal drug," that may include either one drug or a combination of drugs.

7.      I am also aware of my responsibility to consult with the Chief Medical Officer (CMO) of the State of Nevada before finalizing the lethal injection cocktail that will be part of the execution protocol. Of course, while I am required to consult with the CMO, Nevada law places the final decision regarding the "drug or combination of drugs to be used" to me. As a result of this duty and responsibility, I will prepare a final execution protocol, which will include the drug or combination of drugs to be used, once I have made the final conclusion that the chose of drug or drugs, and the manner in which to inject the drug or drugs, will result in a death that does not violate the Constitution.

8.      As part of these duties, I have familiarized myself with the previous execution protocol that was approved and authorized by my predecessor, former Director James Dzurenda. While I have every confidence in the procedures set forth in that document, which I understand has been provided to this Court in redacted form as ECF No. 4–5, I am still in the process of finalizing the protocol that would be used for Mr. Floyd, should I be called upon to accomplish his or any other inmates execution as required under a judgment of death.

9.      As part of my due diligence into the protocol approved by then-Director Dzurenda, I became aware that the NDOC does not have in its possession, custody or control, the first drug called for in the combination of drugs to be used, specifically, midazolam.

10.     I have investigated and determined that the NDOC does not have the ability to purchase or otherwise obtain midazolam. I am also of the opinion that midazolam will not be available to the NDOC in the near future.

11.     I therefore cannot proceed with any execution under the execution protocol approved by Director Dzurenda, as midazolam will not be available.

12.     Accordingly, while no final decision has been made by me as to what drug or drugs to use in a revised execution protocol, I can attest that there is no reasonably likelihood that midazolam will be included in the final execution protocol.

13.     Once I have made the final determination as to what drug or drugs to use, I will final the execution protocol that will be used to carry out any execution warrant and order that requires the NDOC to fulfill the obligation contained in the judgment of death.

14.     I also plan to make the execution protocol—subject to redactions to protect safety and security concerns—immediately available to Mr. Floyd, his counsel, and the public as a whole.

15.     I can further attest that I am committed to ensuring that Mr. Floyd has every reasonable access to his counsel during the pendency of his current cases revolving around his potential execution. In this regard, I have already authorized Ely State Prison to provide access to two individual requested by his counsel to visit him on May 10 and May 11, 2021. Each visit will be for three hours in length. Other accommodations have been made to ensure that counsel is able to obtain all the necessary information needed from Mr. Floyd.  Such access will continue as needed, subject to unforeseen safety and security issues that may arise from time to time.

16.     I am also committed to ensure that should the state court call upon NDOC to carry out Mr. Floyd's execution, Mr. Floyd will have personal access to his counsel throughout the day of the execution, subject again, of course, to unforeseen potential safety and security concerns that may arise.

17.     I declare under penalty of perjury pursuant to 28 U.S.C. section 1746 that the foregoing is true and correct.

EXECUTED this 30th day of April, 2021.

/s/ Charles Daniels*_____
Charles Daniels
Director,
Nevada Department of Corrections

* Pursuant to Temporary General Order 2020-05, entered by Chief Judge Du on March 30, 2020, https://www.nvd.uscourts.gov/wp-content/uploads/2020/03/GO-2020-05-re-COVID-19-Remote-Hearings.pdf, Director Daniels has authorized counsel to affix his electronic signature to this Declaration. Should counsel have misconstrued this Temporary Order in any way, or if the Court wishes to have a hand-signed copy of this Declaration, one will be provided to the Court upon request.