AARON D. FORD
  Attorney General
D. Randall Gilmer (Bar No. 14001)
  Chief Deputy Attorney General
State of Nevada
Office of the Attorney Generals
555 E. Washington Ave., Ste. 3900
Las Vegas, Nevada 89101
Telephone: (702) 486-3427
Facsimile:  (702) 486-3773
Email: DGilmer@ag.nv.gov

*Attorneys for Defendants Daniels,
Wickham, Gittere, Reubart, Drummond,
Minev, Green and Fox (NDOC Defendants)*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ZANE M. FLOYD,<br><br>          Plaintiff,<br><br>v.<br><br>CHARLES DANIELS, DIRECTOR, NEVADA DEPARTMENT OF CORRECTIONS, ET AL.,<br><br>          Defendants. | Case No. 3:21-cv-00176-RFB-CLB<br><br>**NDOC DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR DISCLOSURE OF METHOD OF EXECUTION (ECF NO. 7)**[1] |

Defendants, Charles Daniels, Harold Wickham, William Gittere, William Reubart, David Drummond, Dr. Michael Minev, Dr. David Green, and Linda Fox (collectively, "NDOC"), by and through counsel, Aaron D. Ford, Attorney General for the State of Nevada, and D. Randall Gilmer, Chief Deputy Attorney General, hereby provide their response to *Plaintiff's Motion for Disclosure of Method of Execution* (Protocol Motion).

---

[1] As a preliminary matter, NDOC reserves the right to challenge the Federal Public Defender's Office representation of Plaintiff Zane Floyd in this 42 U.S.C. § 1983 action. *See* 18 U.S.C. § 3006A (CJA); Guide to Judicial Policy, Vol. 7A, at 5–6 § 210.20.20 (authorizing appointment of counsel in narrow circumstances that do not include civil rights actions under 42 U.S.C. § 1983); Guide at 7–8, § 210.20.50(c) (expressly stating, "[p]risoners bringing civil rights actions under 42 U.S.C. § 1983" are not "[c]ases or proceedings . . . *covered by* or *compensable* under the CJA") (emphasis added).

## I. NDOC Voluntarily Agreed to Provide A Redacted Version of the Protocol Once Finalized

NDOC informed the Federal Public Defender's Office (FPD) that the final version of the execution protocol will be voluntary provided to the FPD and Floyd as soon as practicable after it is finalized subject to redactions of sensitive safety and security details, including the confidentiality of individuals involved in the process. The FPD indicated that the anticipated redactions are not a concern as it anticipates that the redactions will be identical in kind to those made when the previous version of the execution protocol was provided as part of the previous Scott Dozier litigation.[2] Indeed, the State of Nevada and NDOC is committed to providing the final execution protocol to the public as it believes it is in the public's interest to know the lethal injection method ultimately chosen in Director Daniels discretion pursuant to NRS 176.355(2)(b).

NDOC will not redact any portion of the final execution protocol as it relates to the acquisition, preparation, sequencing and use of the drug(s) used in the execution protocol, as well as the execution procedure itself.  To be clear, NDOC will provide the same information that was contained in the previous execution protocol, as redacted, that Floyd provided to this Court as Exhibit 5 to the Complaint, ECF No. 4–5.

Of course, because there is no final execution protocol to provide, there is nothing NDOC can provide at this time. As such, there is nothing for the Court to order production of as it relates to the execution protocol.

## II. As NDOC Agrees to Provide the Relevant Portions of the Execution Protocol, This Court Need Not Address Floyd's Legal Arguments

Floyd spends five pages of his Motion setting forth various general principles of law under the Eighth Amendment and Fourteenth Amendment.[3] As NDOC agrees to provide the execution protocol as a matter of course, NDOC does not believe there is a legal dispute

---

[2] To the extent this information may be required, NDOC has every reason to believe that it and Floyd can enter into a mutually agreeable protective order to provide this sensitive information.

[3] ECF No. 7 at 3:16–8:6.

for this Court to decide. Rather, NDOC believes any nuances regarding the Eighth Amendment and Fourteenth Amendment case law cited by Floyd is best left to discuss when there is an actual case or controversy between the parties. Here, Floyd's Protocol Motion presents no actual dispute as NDOC agrees to voluntarily disclose the execution protocol as referenced in Section I without delay as soon as it is finalized.

NDOC reiterates its voluntary decision to provide the final execution protocol in a form substantially similar to the prior protocol provided at ECF No. 4–5. This is a voluntary agreement to disclose the final execution protocol in a manner that likely exceeds Eighth Amendment requirements. The Fifth and Eleventh Circuits, for example, have held that a prisoner does not have an Eighth Amendment right "to know the details of his execution in order to ensure proper oversight and avoid uncertainly that unnecessarily creates anxiety."[4] This includes the need for the protocol itself.[5]

Again, this argument is superfluous given NDOC's voluntary decision to provide the relevant aspects of the protocol—including the drug(s) to be used in the execution—as soon as it completed and approved by Director Daniels and appropriately redacted.

To the extent Floyd implicitly argues that there is a time certain for finalizing and providing the execution protocol, NDOC firmly rejects that argument. Indeed, *In re Ohio Execution Protocol Litigation*,[6] which Floyd cites in his brief,[7] affirms that there is no date by which the protocol must be provided. The U.S. District Court of Ohio specifically rejected the plaintiff's contention that the Magistrate Judge erred by not placing a "firm deadline"

---

[4] *Sepulvado v. Jindal*, 729 F.3d 413, 419 (5th Cir. 2013) (quoting *Powell v. Thomas* (*Powell II*), 641 F.3d 1255, 1258 (11th Cir. 2011) (per curiam); citing *Valle v. Singer*, 655 F.3d 1223, 1237 n.13 (11th Cir. 2011) (per curiam) (adopting portion of district court opinion that concluded "to the extent Valle is claiming that secrecy prevented him from litigating his issues up to now, this claim was rejected in *Powell* [ ] *II* and the failure to disclose is not unconstitutional")), *cert. denied*, 132 S. Ct. 73 (2011); *Powell v. Thomas* (*Powell III*), 643 F.3d 1300, 1305 (11th Cir. 2011) (per curiam) (finding no error in the dismissal—on statute-of-limitations grounds—of death-row inmate's claim "that his rights under the Eighth and Fourteenth Amendments were violated because Alabama's private execution protocol was changed secretly and without any oversight")).

[5] *Sepulvado*, 729 F.3d at 419–20.

[6] No. 2:11-cv-1016, 2018 WL 6529145 (D. Ohio, Dec. 12, 2018).

[7] ECF No. 7 at 6:14–16.

on the notice requirement, finding that the objection was "not well taken" as the Magistrate Judge accurately assessed the facts and correctly applied the law.[8]

Floyd's reliance on *First Amendment Coal. Of Arizona, Inc. v. Ryan* is likewise misplaced as the case holds, "[t]here is . . . no right, substantive or procedural, to have every question about executions answered ahead of time," including no right to know the manufacturer of the drug(s) that will be used in the execution.[9]

NDOC also agrees with Floyd's overarching premise that "[f]undamental fairness, if not due process, requires that the execution protocol . . . be forwarded to him in prompt and timely fashion."[10] NDOC is committed to providing the final execution promptly consistent with this fairness principal regardless of whether due process requires the same. For these reasons, this Court need not reach this argument.

## III. Response to Floyd's Specific Hypothetical Questions

Floyd sets forth various questions to which he seeks answers.[11] Most of those answers will be contained in the final protocol provided to Floyd upon completion. Some of them have already been answered.

Specifically, NDOC informed Floyd that midazolam will not be used in the final execution protocol as it cannot purchase the drug.[12] This necessarily requires the revision of the protocol. As noted above, the final execution protocol is anticipated to be substantially similar to the previous protocol—save for the drug(s) used in the lethal injection cocktail. A review of that previous protocol clearly addresses Floyd's questions pertaining to (1) lethal injection, (2) method of execution, (3) drug(s) used, (4) "how they will be administered," (5) the approval date and signature, (6) the items anticipated to be used and available during the execution, and (7) the appropriate and applicable statutes and legal

---

[8] *In re Ohio Execution Protocol Litigation*, *supra* at * 10.

[9] 188 F. Supp. 3d 940, 952 (D. Arizona, May 18, 2016), *aff'd in part and rev'd in part and remanded on other grounds*, 938 F.3d 1069 (9th Cir. 2019).

[10] *Oker v. Sizer*, 321 F. Supp. 2d 658, 664 (D. Md. 2004).

[11] ECF No. 7 at 8:6–9:5.

[12] ECF No. 23–10, Decl. of Daniels at 3–4, ¶¶ 9–12.

authority.[13] Although the state court's ruling considering the previous execution protocol was incorrect in other aspects, the court found that "NDOC ha[d] done a reasonable and appropriate job in having enough personnel under the new protocol to carry out [the] execution," there was no reason the staff would be unable to properly to carry it out, and "NDOC ha[d] put together a comprehensive protocol in this regard."[14] There simply is zero reason to believe the final execution protocol in this case would be any less comprehensive.

Therefore, the only two outstanding issues are Floyd's request for the manufacturer of the drugs and assurances pertaining to NEV. REV. STAT. (NRS) § 176.355(2)(b).

As to the manufacturer(s), there is no constitutional right to that information.[15]

Regarding the statutory requirement for Director Daniels to consult with the Chief Medical Officer, NDOC is fully aware of the requirements set for in NRS § 176.355(2)(b) and will ensure compliance with that statute. Of course, the frank and sensitive communications between Director Daniels and the Chief Medical Officer are themselves confidential as discussions among high-ranking government officials are protected by, at a minimum, the deliberative process and official information privileges.[16] What is important is that the final result, the execution protocol, will be provided and disseminated not only to Floyd, but the public as a whole.

---

[13] *See generally*, ECF No. 4–5.

[14] *See* ECF No. 4–7, ¶ 29, Findings of Facts and Conclusions of Law, dated 11/27/2017.

[15] *First Amendment Coal. Of Arizona, Inc.*, 188 F. Supp. 3d at 952; *see also Ryan v. Wood*, 135 S. Ct. 21 (2014) (vacating, among other things, the Ninth Circuit's decision requiring the disclosure of the manufacturer of the drugs); *Wellons v. Comm'r, Ga. Dep't of Corr.*, 754 F. 3d 1260, 1267 (11th Cir. 2014) (finding the Constitution does not provide a right for the plaintiff "to know where, how, and by whom the lethal injection drugs will be manufactured, as well as the qualification of the person or persons who will manufacture the drugs, and who will place the catheters").

[16] *Ames Const., Inc., v. Clark Co.*, No 2:18-cv-0029-JCM-EJY, 2020 WL 1674327, *3–4 (D. Nev. April 6, 2020) (citing *F.T.C. v. Warner Commc'ns Inc.*, 742 F.2d 1156, 1161 (9th Cir. 1984) ("the deliberative process privilege is to encourage candid discussion of ideas and to improve the government decision-making process"); *Allstate Ins. Co. v. Belsky*, No. 2:15-cv-2265-MMD-CWH, 2019 WL 1099787, *4 (D. Nev. Mar. 8, 2019) (quoting *Clark Co. Sch. Dist. v. Las Vegas Review-Journal*, 429 P.3d 313, 318 (Nev. 2018) (finding the deliberative process privilege "provide[s] protection to the deliberative and decision-making processes of the executive branch"); *see also* NRS 49.285 ("A public officer shall not be examined as a witness as to communications made to the public officer in official confidence, when the public interests would suffer by the disclosure").

## IV. Conclusion

NDOC is fully committed to providing Floyd with the final execution protocol, subject to very specific safety and security redactions similar to those previously made for the protocol located at ECF No. 4–5. The FPD's office indicated these redactions are acceptable.

Thus, NDOC will provide the execution protocol as requested regardless of whether it is required to do so by law. There is no dispute for this Court to decide: the execution protocol will be provided as set forth upon completion.

Respectfully submitted April 30, 2021.

AARON D. FORD
Attorney General

By:   /s/ D. Randall Gilmer
D. Randall Gilmer (Bar No. 14001)
Chief Deputy Attorney General
*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I certify that I am an employee of the State of Nevada, Office of the Attorney General, and that on April 30, 2021, I electronically filed the foregoing **NDOC DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR DISCLOSURE OF METHOD OF EXECUTION (ECF NO. 7)** via this Court's electronic filing system. Parties who are registered with this Court's electronic filing system will be served electronically.

/s/ Natasha D. Petty
An employee of the
Office of the Nevada Attorney General