RENE L. VALLADARES
Federal Public Defender
Nevada Bar No. 11479
DAVID ANTHONY
Assistant Federal Public Defender
Nevada Bar No. 7978
david_anthony@fd.org
BRAD D. LEVENSON
Assistant Federal Public Defender
California Bar No. 166073
brad_levenson@fd.org
TIMOTHY R. PAYNE
Assistant Federal Public Defender
Ohio Bar No. 0069329
tim_payne@fd.org2
411 E. Bonneville, Ste. 250
Las Vegas, Nevada 89101
(702) 388-6577
(702) 388-5819 (Fax)

Attorneys for Zane M. Floyd

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ZANE M. FLOYD,<br><br>Plaintiff,<br><br>v.<br><br>CHARLES DANIELS, Director, Nevada Department of Corrections, et al.,<br><br>Defendants. | Case No. 3:21-cv-00176-RFB-CLB<br><br>**REPLY TO OPPOSITION TO MOTION FOR STAY OF EXECUTION**<br><br>**(DEATH PENALTY CASE)**<br><br>**EXECUTION WARRANT SOUGHT FOR THE WEEK OF JUNE 7, 2021** |

# I.    INTRODUCTION

On April 21, 2021, Zane Floyd moved this Court to stay the proceedings in state court for seeking a warrant for his execution the week of June 7, 2021. Floyd sought a stay in part because the short time frame between the signing of the warrant and his anticipated execution date meant he would be deprived of a meaningful opportunity to challenge NDOC's novel and experimental execution protocol. This Court acknowledged in its screening order that Floyd stated a viable claim alleging the denial of due process from the lack of notice of NDOC's execution protocol. ECF No. 12 at 7.

The State filed an opposition to Floyd's motion on April 30, 2021. The State's principal argument is that this Court cannot enter a stay because no execution warrant has been issued by the state court. ECF No. 25 at 2. The State also continues to seek a tactical advantage from its inexcusable failure to fully inform Floyd and the Court of its intentions regarding the combination of drugs it intends to use in his execution. ECF No. 25 at 4. Floyd addresses the State's failure to make timely disclosures of the information known to NDOC in a reply filed contemporaneously with the instant pleading.

Floyd addresses the State's arguments in opposition to his motion to stay his execution below.

/ / /

/ / /

/ / /

2

## II.    ARGUMENT

### A.    This Court has the authority to stay or preliminarily enjoin the state court from setting an execution date for Floyd.

Whether this Court phrases an order staying the proceedings in state court for Floyd's execution as a "stay" or as "preliminary injunctive relief," the Court has the authority to issue such an order so that Floyd is not executed before he has the ability to litigate his challenge to NDOC's still unknown execution protocol. Other federal courts have in fact done so in circumstances analogous to those presented here.

For example, in *In re Ohio Execution Protocol Litigation*, Case No. 2:11-cv-01016-EAS-MRM, following the Ohio Department of Rehabilitation and Correction's (ODRC's) review of the January 16, 2014 execution of inmate Dennis McGuire, the ODRC issued a revised  execution protocol which  merely increased the dosage of the two drugs (midazolam and hydromorphone) used under its protocol. Yet, in order to allow the plaintiffs to litigate a challenge to the new method of execution, the federal court issued a stay of 90 days to prevent state officials from setting any execution dates:

> [I]t is ORDERED, ADJUDGED, and DECREED that the State of Ohio, and any person acting on its behalf, is hereby STAYED from implementing an order for the execution of any Ohio inmate issued by any court in the State of Ohio until August 15, 2014, or until further Order from this Court.

*In re Ohio Execution Protocol Litigation*, Case No. 2:11-cv-01016-EAS-MRM (S.D. Ohio (entered May 27, 2014)). Ex. 14. The execution protocol in question was issued

on April 28, 2014, only one month before the federal court issued its stay order and before any plaintiffs faced the prospect of an execution date.

Here, the time frame is even more compressed while the issues regarding Nevada's protocol are significantly more complex[1] than in the *Ohio Execution Protocol* case, and this Court has the same authority to stay/preliminarily enjoin the state proceedings to stop the issuance of an execution warrant. At the present time, Floyd is only approximately five weeks from the week sought by the State for his execution. The Director of NDOC, for some unstated reason, asserts he has not finalized the execution protocol. ECF No. 22-10 at 4. But that is not a reason for NDOC to withhold what it does know regarding the drug or combination of drugs that it intends to use in Floyd's execution. NDOC's use of its own delay for tactical litigation advantages in this case and in the corresponding habeas action is the type of conduct that warrants an equitable remedy from this Court to prevent a situation where NDOC can hinder any scrutiny of its protocol by delaying the release of information regarding the drugs and protocol.

Finally, even if NDOC were correct, which it is not, that this Court cannot enter a stay or enjoin the defendants from acting because no execution warrant has been issued by the state court, this Court would still have the authority to defer

---

[1] NDOC, of course, is not just changing dosage amounts, but is clearly changing lethal injection drugs. Moreover, NDOC is working from a protocol that is novel, was ultimately never used, and was determined to present an unconstitutional risk of harm by the only court to address the merits of an Eighth Amendment challenge to its use.

consideration of Floyd's stay motion until a warrant is issued and then to stay the execution.

**B.    A stay of execution is required so that Floyd can meaningfully litigate his challenge to NDOC's execution protocol.**

This Court must order a stay so Floyd can meaningfully litigate his challenge to NDOC's unknown execution protocol. Under the circumstances here, it is impossible for Floyd to be prepared for a hearing on May 24, 2020, the date this Court tentatively set for the commencement of such hearing. NDOC's pleadings filed on April 23, 2021, make clear that it does not intend to use midazolam in Floyd's execution. That means that the experts Floyd has retained to opine regarding that drug are no longer relevant to testify on that point. Since NDOC still has not disclosed the combination of drugs it intends to use in the execution, Floyd cannot be expected to identify experts who possess specialized knowledge of them. The class, type, and dosage of a drug is information that is of critical importance to an expert. That is why Floyd has proffered a scheduling order to the Court requesting leave to amend his complaint 30 days after NDOC discloses the execution protocol it intends to use. It is not possible to identify, retain, and prepare an expert and advise Floyd regarding the execution protocol versus available alternatives so he can make an informed decision in less time. The State's assertion that this task can be accomplished in 24 to 48 hours is pure fantasy.

Similarly, the extensive discovery sought by Floyd will take approximately 90 days to conduct. Floyd anticipates requesting approximately 15 to 18 depositions, including depositions of correctional personnel in other states (regarding

availability of a possible alternative), Rule 45 subpoenas to other states, site

inspections of prison facilities,[2] requests for production and admission, and

interrogatories.

A typical discovery period in a 1983 method of execution case lasts an

average of 90 days. Floyd has included scheduling orders from the Western District

of Oklahoma (discovery cutoff: 90 days), the Middle District of Alabama (discovery

cutoff: 90 to 120 days), the Southern District of Ohio (hearing set 8 months from

meet and confer), and the Eastern District of Arkansas (discovery cutoff:

approximately 9 months) as Exhibits to this pleading. Exs. 15 - 18. If a typical 1983

plaintiff receives an average of 90 days in which to conduct discovery of a known

protocol, then Floyd should at least receive 90 days to litigate NDOC's still as of yet

unknown protocol.

/ / /

/ / /

/ / /

---

[2] The present execution warrant sought by the State seeks Floyd's execution at the Nevada State Prison, which was decommissioned and closed in 2012. ECF No. 11-1 at 11.

1

## III.    CONCLUSION

2        For the foregoing reasons, Floyd requests this Court stay/preliminarily enjoin

3    the State from setting a date for his execution until he has had an opportunity to

4    meaningfully litigate his challenge to NDOC's execution protocol.

5        DATED this 2nd day of May, 2021

6                                    Respectfully submitted
                                     RENE L. VALLADARES
7                                    Federal Public Defender

8                                    */s/ David Anthony*
                                     DAVID ANTHONY
9                                    Assistant Federal Public Defender

10

                                     */s/ Brad D. Levenson*
11                                   BRAD D. LEVENSON
                                     Assistant Federal Public Defender
12

13                                   */s/ Timothy R. Payne*
                                     TIMOTHY R. PAYNE
14                                   Assistant Federal Public Defender

15

16

17

18

19

20

21

22

23

## CERTIFICATE OF SERVICE

In accordance with LR IC 4-1(c) of the Local Rules of Practice, the undersigned hereby certifies that on this 2nd day of May, 2021 a true and correct copy of the foregoing REPLY TO OPPOSITION TO MOTION FOR STAY OF EXECUTION, was filed electronically with the United States District Court. Electronic service of the foregoing document shall be made in accordance with the master service list as follows:

D. Randall Gilmer
Chief Deputy Attorney General
Julie A. Slabaugh
Chief Deputy Attorney General
Office of the Nevada Attorney General
drgilmer@ag.nv.gov
jslabaugh@ag.nv.gov

*/s/ Sara Jelinek*
An Employee of the Federal Public
Defenders Office, District of Nevada