1  Margaret A. McLetchie, Nevada Bar No. 10931
2  Alina M. Shell, Nevada Bar No. 11711
   **MCLETCHIE LAW**
3  701 East Bridger Ave., Suite 520
   Las Vegas, NV 89101
4  Telephone: (702) 728-5300; Facsimile: (702) 425-8220
   Email: maggie@nvlitigation.com
5  *Counsel for Proposed Intervenor, Las Vegas Review-Journal, Inc.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| ZANE M. FLOYD, <br><br>            Plaintiff, <br>       vs. <br><br> CHARLES DANIELS, DIRECTOR, NEVADA DEPARTMENT OF CORRECTIONS; ET AL., <br><br>            Defendants. | Case. No.: 3:21-cv-00176-RFB-CLB <br><br> **LAS VEGAS REVIEW-JOURNAL INC,'S EMERGENCY MOTION TO INTERVENE** <br><br> **EMERGENCY TREATMENT SOUGHT PURSUANT TO LR 7-4** |

Pursuant to Fed. R. Civ. P. 24, Local Rule 7-4, and the other authority detailed herein, the Las Vegas Review-Journal, Inc. ("Review-Journal") hereby moves to intervene in this case for the limited purpose of seeking the unsealing of the privilege log to be filed in this matter and to seek access to other filings and proceedings. This Motion is supported by the attached memorandum of points and authorities and declaration of counsel, together with any oral argument the Court may require in this matter.

DATED this 7th day of May, 2021.

/s/ Margaret A. McLetchie
Margaret A. McLetchie, Nevada Bar No. 10931
Alina M. Shell, Nevada Bar No. 11711
**MCLETCHIE LAW**
701 East Bridger Ave., Suite 520
Las Vegas, NV 89101
Telephone: (702) 728-5300; Facsimile: (702) 425-8220
Email: maggie@nvlitigation.com
*Counsel for Proposed Intervenor, Las Vegas Review-Journal, Inc.*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Materials filed in court and court proceedings are presumptively public. The public, including the media, has a First Amendment right of access to court filings and hearings. Part and parcel of the right of access is the inextricably linked right of the public to intervene to seek access. Here, transparency is especially important because the State's exercise of its power to put people to death is undisputedly a matter of significant public interest.[1]

In this case, the State is seeking litigate whether information regarding the Nevada Department of Corrections' ("NDOC") execution protocol (*see, e.g.*, ECF No. 37 (NDOC's Motion for Protective Order) should be conducted behind closed doors. On May 6, 2021, during a hearing on Defendants' Motion for Protective Order, this Court directed NDOC to submit to the Court under seal not just copies of documents and communications it asserts are entitled to protection pursuant to the deliberative process privilege, but also a privilege log detailing the bases for NODC's privilege assertions. Without making any specific findings on the record, the Court directed NDOC to submit these documents under seal by not later than Monday, May 10, 2021. Today, by letter to the Court (ECF No. 54), counsel for NDOC requested until Tuesday, May 11, 2021, to do so.

As detailed in the attached proposed Motion to Unseal (Exhibit A), the Review-Journal now seeks to intervene in this matter for the limited purposes of unsealing NDOC's privilege log to ensure that the public has access to non-privileged information pertaining to NDOC's execution protocols.[2] The Review-Journal also seeks leave to represent the public's

---

[1] *Wood v. Ryan*, 759 F.3d 1076, 1087 (9th Cir. 2014) ("Information concerning execution protocol is not only of general interest to the public, it is important for consideration by the courts.")

[2] As detailed in the Review-Journal's attached proposed motion to unseal, there is nothing privileged about a privilege log and permitting NDOC to file a privilege log under seal thwarts the public's clearly established right of access to materials filed in court. Indeed, sealing a privilege log—which, by definition, is not a secret document as it is shared with the opposing party to facilitate meaningful litigation over what should be withheld—thwarts the public's s efforts to fairly evaluate NDOC's efforts to keep information about how it carries

interest with regard to any other court filings or proceedings NDOC may seek to shield from public view.

This Motion to Intervene and the Proposed Motion should be heard on an emergency basis to ensure the Review-Journal has the right to be heard and so its First Amendment rights of access are vindicated.

## II.  INTERESTS OF PROPOSED INTERVENOR

The Review-Journal is a daily newspaper, published in Las Vegas, Nevada, and is the largest circulation daily newspaper in Nevada. The Review-Journal carries on the constitutionally-protected business of reporting the news. Of relevance here, the Review-Journal routinely reports on criminal cases and justice matters in the state of Nevada and has consistently reported on the criminal proceedings against Mr. Floyd since the time of his arrest in 1999 through the present date. The Review-Journal therefore has an interest in access to information regarding the State's efforts to execute Mr. Floyd. More generally, as the paper of record for Nevada, the Review-Journal has an interest in ensuring the greatest possible public access to information regarding criminal execute people.

Recognizing its standing to object to court secrecy, courts have permitted the Review-Journal has intervened in a number of state and federal matters in both state and federal court to ensure that the rights of the media and the public to access court records and proceedings under the First Amendment and the common law are protected. *See, e.g., United States v. Bundy* (D.Nev. July 1, 2016, No. 2:16-cr-00046-GMN-PAL) 2016 U.S. Dist. LEXIS 86080, at *11 (granting the Las Vegas Review Journal, Battle Born Media, and the Associated Press intervention to challenge a protective order).

/ / /

/ / /

---

out executions in the name of the public secret. Moreover, permitting NDOC to submit a privilege log under seal without making particular findings as to why the sealing of a routine litigation document is necessary is contrary to Ninth Circuit standards governing the sealing of court records.

3

### III. ARGUMENT

#### A. Intervention Is Appropriate, and Necessary to Facilitate the Media's Right to Be Heard on Sealing.

The Review-Journal, like any member of the public, has a constitutional right to be heard on the issue of whether the privilege log (and similar documents and related hearings) can be sealed or closed to the public. The United States Supreme Court has held that when a court contemplates excluding the public, including the press, from access to hearings or records in a criminal trial, "[…] representatives of the press and general public 'must be given an opportunity to be heard on the question of their exclusion.'" *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 609, n. 25 (1982) (citing *Gannett Co. v. DePasquale*, 443 U.S., 368, 401 (Powell, J., concurring)). This means, of course, the media has the right to intervene so it can be heard on sealing records or court proceedings.

Thus, courts have recognized that "because the First Amendment implicitly guarantees the right to access criminal trials, motions to intervene are procedurally proper when the public or press seeks to intervene for the limited purpose of accessing a criminal proceeding or court documents." S*tephens Media, LLC v. Eighth Judicial Dist. Court of State ex rel. Cty. of Clark*, 125 Nev. 849, 859, 221 P.3d 1240, 1247 (2009) (granting the Review-Journal the right to intervene) (citing *In re Associated Press*, 162 F.3d 503, 507 (7th Cir. 1998); *United States v. Brooklier*, 685 F.2d 1162, 1168 (9th Cir. 1982); and *United States v. Criden*, 675 F.2d 550, 559 (3d Cir. 1982)) and cited in *Bundy* , 2016 U.S. Dist. LEXIS 86080, at *7); *see also United States v. James*, 663 F. Supp. 2d 1018, 1020 (W.D. Wash. 2009) ("Domestic press outlets unquestionably have standing to challenge access to court documents.") (citation omitted). This right of access extends to civil cases as well as criminal cases. *See, e.g., Richmond Newspapers*, 448 U.S. at 580, n. 17 ("historically both civil and criminal trials have been presumptively open"); *N.Y. Civil Liberties Union v. N.Y.C. Transit Auth*., 684 F.3d 286, 305 (2d Cir. 2011) (finding a right of access to administrative civil infraction hearings); *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1061 (3d Cir. 1984) ("We hold that the First Amendment does secure a right of access to civil proceedings."); *In*

4

*re Cont'l Ill. Sec. Litig.*, 732 F.2d 1302, 1308 (7th Cir. 1984) (finding a right of access to litigation committee reports in shareholder derivative suits).[3]

In addition to recognizing the media's right to intervene to seek unsealing and access to court proceedings, courts have also recognized the media's rights to access information about the death penalty. For example, the Ninth Circuit has made clear that the media has a right of access to information regarding lethal injection executions. *See, e.g.*, *California First Amendment Coal. v. Woodford*, 299 F.3d 868, 877 (9th Cir. 2002) (holding that the media, on behalf of the public, enjoys a First Amendment right to view executions); *Wood v. Ryan*, 759 F.3d 1076 (9th Cir. 2014) (finding that a district court abused its discretion in denying a prisoner's request for a stay of his execution where the prisoner provides evidence that, *inter alia*, information regarding the methods of execution and qualifications of executioners have historically been open to the public). Indeed, in the Bundy case, despite the fact that the media does not generally have a right to information exchanged between parties, the Court allowed the Review-Journal to intervene to challenge a proposed protective order because "allowing intervention will promote transparency and the integrity of the judicial proceedings in this case." *Bundy,* 2016 U.S. Dist. LEXIS 86080, at *7-11.

For all these reasons, the Court should grant this Motion to Intervene.

### B.   This Court Should Consider this Motion and the Proposed Motion to Unseal on an Expedited Basis.

This Court should consider this Motion and the Proposed Motion to Unseal on an emergency basis pursuant to Local Rule 7-4. As set forth in the attached declaration of counsel, the Court ordered NDOC to submit documents and communications pertaining to its execution protocol and a privilege log under seal by Monday, May 10, 2021. The denial

---

[3] Although not necessary because the First Amendment gives the Review-Journal the right to intervene in this instance, Fed. R. Civ. P. 24 also provides for intervention in civil cases and applies in this habeas proceeding. Rule 12 of the Rules Governing Section 2254 Cases in the United States District Courts. ("The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules.")

of access to the privilege log, a presumptively public record, impinges on the Review-Journal's First Amendment rights to access to information, and any violation of a First Amendment right is irreparable harm. *See, e.g., Courthouse News Serv. v. Planet*, 750 F.3d 776, 787 (9th Cir. 2014) (refusing to abstain due to the First Amendment harm, including "the risk . . . that the delay that results from abstention will itself chill the exercise of the rights that the plaintiffs seek to protect by suit.";) *Globe Newspaper Co. v. Pokaski*, 868 F.2d 497, 507 (1st Cir. 1989) ("even a one to two day delay impermissibly burdens the First Amendment"). Courts have specifically recognized the importance of *immediate* public access to court records. *See, e.g., Lugosch v. Pyramid Co. of Onondaga,* 435 F.3d 110,126-27 (2d Cir. 2006) ("Our public access cases and those in other circuits emphasize the importance of immediate access where a right of access is found.") (emphasis added) (citations omitted)); *Grove Fresh Distribs., Inc. v. Everfresh Juice Co*., 24 F.3d 893, 897 (7th Cir. 1994) (public access to documents in court's file "should be immediate and contemporaneous"). Further, as detailed in the attached declaration, the Review-Journal has met the procedural requirements of LR 7-4.

## IV.   CONCLUSION

For the foregoing reasons, the Review-Journal respectfully moves to intervene, including to file the attached Motion to Unseal.

DATED this 7th day of May, 2021.

> */s/ Margaret A. McLetchie*
> Margaret A. McLetchie, Nevada Bar No. 10931
> Alina M. Shell, Nevada Bar No. 11711
> **MCLETCHIE LAW**
> 701 East Bridger Ave., Suite 520
> Las Vegas, NV 89101
> Telephone: (702) 728-5300; Facsimile: (702) 425-8220
> Email: maggie@nvlitigation.com
> *Counsel for Proposed Intervenor, Las Vegas Review-Journal, Inc.*