AARON D. FORD
 Attorney General
D. Randall Gilmer (Bar No. 14001)
 Chief Deputy Attorney General
State of Nevada
Office of the Attorney Generals
555 E. Washington Ave., Ste. 3900
Las Vegas, Nevada 89101
Telephone:(702) 486-3427
Facsimile: (702) 486-3773
Email: DGilmer@ag.nv.gov

*Attorneys for Defendants Daniels, Wickham, Gittere, Reubart, Drummond, Minev, Green and Fox (NDOC Defendants)*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ZANE M. FLOYD,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CHARLES DANIELS, DIRECTOR, NEVADA DEPARTMENT OF CORRECTIONS, ET AL.,<br><br>　　　　Defendants. | Case No. 3:21-cv-00176-RFB-CLB<br><br>**NOTICE OF SUPPLEMENTAL AUTHORITY** |

Defendants, Charles Daniels, Harold Wickham, William Gittere, William Reubart, David Drummond, Dr. Michael Minev, Dr. David Green, and Linda Fox (collectively, "NDOC"), by and through counsel, Aaron D. Ford, Attorney General for the State of Nevada, and D. Randall Gilmer, Chief Deputy Attorney General, as officers of the Court, provide the following Notice of Supplemental Authority as it relates to the pending motions for a temporary restraining order (ECF No. 5), preliminary injunction (ECF No. 6), disclosure of the method of execution (ECF No. 7), motion for stay (ECF No. 10), and the motion for protective order (ECF No. 37).

Counsel for the NDOC Defendants informs this Court of two recently decided cases for this Court's consideration.

1. *United States Fish & Wildlife Service v. Sierra Club, Inc.*

The first is the Supreme Court case NDOC Defendants' counsel referenced during oral argument on May 6, 2021. That case, *United States Fish and Wildlife Service v. Sierra Club, Inc.*, ___ U.S. ___, 141 S. Ct. 777 (2021), decided on March 4, 2021, is the most recent and binding authority pertaining to the deliberative process privilege. *Id.* at 785–89.

2. *Pizzuto v. Tewalt*

The second case, *Pizzuto v. Tewalt*, ___ F.3d. ___, 2021 WL 1904595 (9th Cir. 2021), was decided by the Ninth Circuit Court of Appeals on May 12, 2021, and addresses claims challenging execution procedures similar to those Floyd alleges in this case. There, the Circuit discussed issues relating to ripeness that may have some bearing on NDOC Defendants' opposition to Floyd's Motions for Temporary Restraining Order and Preliminary Injunction (ECF No. 22 at 7:2–10:14). *See Pizzuto*, 2021 WL 1904595 at *3–6.

*Pizzuto* affirms that "neither the First Amendment right to access to governmental proceedings nor the right of access to courts 'entitle[s] the plaintiffs to information *regarding execution drugs and personnel.*'" *Id.* at *8 (quoting *First Amendment Coalition of Arizona, Inc. v. Ryan*, 938 F.3d 1069, 1080–81 (9th Cir. 2019) (emphasis added)). This principle applies "to government information or sources of information within the government's control." *Id.* (citing *First Am. Coalition*, 938 F.3d at 1079). The Ninth Circuit acknowledged that *First Amendment Coalition* "left open the possibility that plaintiffs 'may be able to assert a procedural due process right to obtain the information they seek,'" but also cited cases from the Fifth,[1] Sixth,[2] Eighth,[3] and Eleventh[4] Circuit Courts of Appeal

---

[1] *Sepulvado v. Jindal*, 729 F.3d 413, 418 (5th Cir. 2013) (no due process right to know the contents of an execution protocol, and relying on a case in which a change was made to one of the drugs twenty-four hours before the execution).

[2] *Phillips v. DeWine*, 841 F.3d 405, 420 (6th Cir. 2016) ("no constitutional right exists to discover grievances" and also noted that there is no due process right "to discover the identity of the source of the drugs and name of the executioner so that [an inmate] may challenge [a state's] protocol").

[3] *Zink v. Lombardi*, 783 F.3d 1089, 1109 (8th Cir. 2015) (en banc) (per curiam) (no constitutional right to execution protocol details).

[4] *Jones v. Comm'r, Ga. Dep't of Corr.*, 812 F.3d 923–26 (11th Cir. 2016) (Marcus, J. concurring in the denial of initial hearing en banc) (no "due process right to discovery the

holding that no such right exists. *Id.* at *9. "Even if such a due process right exists," the *Pizzuto* court points out that *First Amendment Coalition*'s "due process suggestion was prompted by a particular concern with 'Arizona's checkered past with executions,'" which was not applicable to the State of Idaho. *Id.* (quoting *First Am. Coalition*, 938 F.3d at 1080).

\* \* \*

Wherefore, as officers of the Court, counsel for the NDOC Defendants submit these two cases representing binding precedent that impact pending decisions before this Court.

Respectfully submitted on this 14th day of May, 2021.

AARON D. FORD
Attorney General

By:   /s/ *D. Randall Gilmer*
      D. Randall Gilmer (Bar No. 14001)
      Chief Deputy Attorney General
      *Attorneys for NDOC Defendants*

---

Identity of the source of the drugs and the name of the executioner so that he may challenge Georgia's execution protocol and noting that the relief requested "would not . . . enable him to plead a known and available alternative source of" the drug).