AARON D. FORD
  Attorney General
D. Randall Gilmer (Bar No. 14001)
  Chief Deputy Attorney General
State of Nevada
Office of the Attorney Generals
555 E. Washington Ave., Ste. 3900
Las Vegas, Nevada 89101
Telephone: (702) 486-3427
Facsimile:  (702) 486-3773
Email: DGilmer@ag.nv.gov

*Attorneys for Defendants Daniels,
Wickham, Gittere, Reubart, Drummond,
Minev, Green and Fox (NDOC Defendants)*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ZANE M. FLOYD, | Case No. 3:21-cv-00176-RFB-CLB |
| Plaintiff, | |
| v. | **NDOC'S RESPONSE TO EMERGENCY MOTION TO INTERVENE AND MOTION TO UNSEAL** |
| CHARLES DANIELS, DIRECTOR, NEVADA DEPARTMENT OF CORRECTIONS, ET AL., | |
| Defendants. | |

Defendants Charles Daniels, Harold Wickham, William Gittere, William Reubart, David Drummond, Dr. Michael Minev, Dr. David Green and Linda Fox (collectively, "NDOC"), respond to the Las Vegas Review-Journal's (the "Review-Journal") emergency motion to intervene (ECF No. 55). NDOC also responds to the Review-Journal's proposed motion to unseal (ECF No. 55-2).

I. **Introduction**

The Review-Journal moves to intervene in this action "for the limited purpose of seeking the unsealing of the privilege log to be filed in this matter and to seek access to other filings and proceedings." ECF No. 55 at 1. NDOC does not oppose the Review-Journal's limited intervention for that, and only that, purpose.

This Court should deny the Review-Journal's motion to unseal the privilege log. The motion barely describes the Review-Journal's interest in the privilege log, instead relying

on a purported presumption of public access. But the Ninth Circuit has held that there is no such presumption when it comes to discovery papers several steps removed from the merits, like the privilege log at issue here. *United States v. Sleugh*, 896 F.3d 1007, 1015 (9th Cir. 2018). Protecting the names, titles, email addresses and other personal identifiers of NDOC employees appearing on the privilege log is good cause for sealing the privilege log, particularly because NDOC is filing a redacted privilege log on the docket to allow the public access to meaningful information. *See* LR IC 6-1(b). This redacted privilege log is attached as **Exhibit A**.

## II. Background

A jury convicted Floyd of four counts of first-degree murder, four counts of sexual assault with use of a deadly weapon and related offenses. *Floyd v. Filson*, 949 F.3d 1128, 1136 (9th Cir. 2020), *cert. denied sub nom. Floyd v. Gittere*, 141 S. Ct. 660. It sentenced him to death. *Id.* Floyd filed a complaint in this Court asserting a variety of constitutional claims and asking for prospective relief barring Nevada from carrying out his sentence. ECF No. 2 at 39, 53, 55–56, 61–62.

Floyd seeks information on the lethal injection protocol to be used in his execution. *See, e.g.*, ECF No. 7 at 1; ECF No. 45 at 2. The execution protocol is not final. ECF No. 37 at 2. NDOC contends that information related to the nonfinal execution protocol is subject to a deliberative process privilege and other privileges. *Id.* NDOC will provide the final execution protocol to Floyd when it is available. *Id.*

To facilitate document production on the expedited basis that this case requires, this Court has ordered NDOC to file and serve a privilege log identifying potentially privileged relevant documents. ECF No. 59. The Review-Journal moved to intervene to seek the unsealing of the privilege log. ECF No. 55 at 1. It attached a proposed motion to unseal the privilege log to its motion to intervene. ECF No. 55-2.

/ / /

/ / /

/ / /

## III. Argument

### A. Legal Standard

The Review-Journal's motion to unseal articulates the wrong legal standard. NDOC need only show good cause to file the privilege log under seal.

As a general matter, there is a strong presumption of public access to judicial records, although "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006).[1] "In keeping with the strong public policy favoring access to court records, most judicial records may be sealed only if the court finds 'compelling reasons'." *Oliner v. Kontrabecki*, 745 F.3d 1024, 1025–26 (9th Cir. 2014) (citing *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677–78 (9th Cir. 2010)). However, the Ninth Circuit has "carved out an exception" to the strong presumption of access for certain discovery materials where the movant makes a particularized showing of "good cause." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016) (quoting *Foltz v. State Farm Mut. Ins. Co.*, 331 F.3d 1122, 1135, 1138 (9th Cir. 2003) (internal quotation marks omitted)); *see also* Fed. R. Civ. P. 26(c).

The "less exacting 'good cause' standard" applies to (1) "private materials unearthed during discovery," *i.e.*, documents that are not part of the judicial record, and (2) "previously sealed discovery" attached to non-dispositive motions. *Oliner*, 745 F.3d at 1026 (citing *Pintos*, 605 F.3d at 678); *Ctr. for Auto Safety*, 809 F.3d at 1097 (citing *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984) (explaining that discovery is largely "conducted in private as a matter of modern practice," so the public is not presumed to have a right of access to it); *Anderson v. Cryovac, Inc.*, 805 F.2d 1, 13 (1st Cir.1986) ("There is no tradition of public access to discovery, and requiring a trial court to scrutinize carefully public claims of access would be incongruous with the goals of the discovery process.").

---

[1] NDOC acknowledges that "the press is entitled to a right of access at least coextensive with the right enjoyed by the public at large." *Index Newspapers LLC v. United States Marshals Serv.*, 977 F.3d 817, 830 (9th Cir. 2020) (citing *Pell v. Procunier*, 417 U.S. 817, 833–34 (1974)).

To the extent that a sealing order is permitted, it must be narrowly tailored. *See, e.g., Press-Enterprise Co. v. Superior Ct. of Cal., Riverside Cnty.*, 464 U.S. 501, 512–13 (1984). The sealing of entire documents is improper when confidential information can be redacted to leave meaningful information available to the public. *In re Roman Catholic Archbishop of Portland*, 661 F.3d 417, 425 (9th Cir. 2011) (citing *Foltz*, 331 F.3d at 1137).

### B. The good cause standard applies because the privilege log is a document submitted in support of a non-dispositive discovery motion

The proposed motion seeks the unsealing of the privilege log alone. It does not seek the unsealing of any specific document, let alone documents supporting a substantive motion by the parties.

NDOC need only show "good cause" to justify filing the privilege log under seal. The privilege log is "material[ ] submitted to a court for its consideration of a discovery motion." *Sleugh*, 896 F.3d at 1014. "[C]ivil discovery motions and supporting materials, are ordinarily only 'tangentially related to the underlying cause of action'." *Id.* (quoting *Ctr. for Auto Safety*, 809 F.3d at 1099). NDOC's privilege log is thus "one step further removed in public concern from the trial process than the discovery materials themselves." *Id.*[2]

The Review-Journal contends that NDOC must show "compelling reasons" to warrant sealing the privilege log. ECF No. 55-2 at 6. They base that contention on the presumption of public access created by the First Amendment and the common law. *Id.* at 4-6. But because the privilege log is only "tangentially related to the underlying cause of action," there is "no presumption of public access under the First Amendment or common law." *Id.* at 1014–15. The "good cause" standard is the appropriate legal standard to apply. NDOC satisfies this standard.

///

///

///

---

[2] While *Sleugh* involved documents in a criminal case, the parties agree that the principles in civil cases are similar. *See* ECF No. 55-2 at 2, 4.

### C. Protecting NDOC employees' personal information is good cause to seal the privilege log

As the Ninth Circuit recently affirmed, "neither the First Amendment right to access to governmental proceedings nor the right of access to courts 'entitle[ ] [individuals] to information regarding execution drugs and personnel'." *Pizzuto v. Tewalt*, ___ F.3d. ___, 2021 WL 1904595 (9th Cir. 2021) (citing *First Amendment Coalition of Arizona, Inc. v. Ryan*, 938 F.3d 1069, 1080–81 (9th Cir. 2019)). Protecting the identity of government employees to prevent harassment is good cause to keep case-related information confidential. *United States v. Bundy*, No. 2:16-cr-0046-GMN-PAL, 2017 WL 888311, at *1–2 (D. Nev. Mar. 6, 2017) (unpublished); *see also U.S. EEOC v. Scolari Warehouse Mkts.*, No. 3:04-cv-0229-DAE-RAM, 2007 WL 9734385, at *2 (D. Nev. Aug. 30, 2007) (unpublished) (collecting cases and noting that "good cause" includes the potential for harassment). LR IC 6-1(a) of the Local Rules of Practice require that parties refrain from including—or redact where inclusion is necessary—"personal-data identifiers" from all documents filed with the court. This includes social security numbers, names of minor children, dates of birth, home addresses, financial account numbers, and tax identification numbers. Courts recognize that other types of information, such as e-mail addresses and telephone numbers, are "properly considered private information" and "redactions of personal information are appropriate." *E.g.*, *Margolin v. Nat'l Aeronautics & Space Admin.*, No. 3:09-cv-00421-LRH, 2011 WL 1303221, at *11–12 (D. Nev. Mar. 31, 2011) (citing *U. S. Dep't of State v. Washington Post Co.*, 456 U.S. 595, 601 (1982)). The same is true here: sealing the privilege log is necessary to protect the personal identifiers of NDOC employees.

People and companies associated with executions often suffer harassment. *See, e.g.*, *Jordan v. Comm'r*, 947 F.3d 1322, 1341 (11th Cir. 2020); *Flynt v. Lombardi*, 885 F.3d 508, 511-12 (8th Cir. 2018); *Va. Dep't of Corr. v. Jordan*, No. 3:17mc02, 2017 WL 5075252, at *19 (E.D. Va. Nov. 3, 2017) (unpublished). In *Flynt*, the Eighth Circuit affirmed a district-court order denying a motion to unseal records in a death-penalty case. 885 F.3d at 510. The district court found that the request to unseal would "ultimately lead to uncovering

the identity of the medical execution team members and result in harm to the individuals and the State," and the court of appeals did not disturb that finding. *Id.* at 512.

If NDOC's privilege log is unsealed in this case, any NDOC employee whose email address, title or name appears within it could be subject to the same harassment and abuse by members of the media, anti-death penalty organizations, or the public. The privilege log displays the email addresses, titles, names, and other personal identifiers of employees who were part of death-penalty related communications. Those employees may only be tangentially involved in the process, but the privilege log contains little to no context about their role, much less their personal opinions regarding capital punishment. Protecting those employees from unwarranted public scrutiny is good cause for sealing the privilege log.

### D. By filing a redacted privilege log, the sealing order is narrowly tailored to protect against any particularized harms

The Review Journal contends that privilege log itself does not contain privilege information; thus, it does not merit sealing. NDOC does not argue that inclusion of privileged information warrants sealing, rather, it asserts that employees may needlessly suffer harassment if their personal identifiers (names, email, title, etc.) are unsealed. NDOC carefully crafted its privilege log to maximize the information available to Mr. Floyd's counsel to challenge the privilege designation while minimizing the personal identifiers involved. NDOC has complied with the Local Rules of Practice and Supreme Court precedent regarding narrowly tailored sealing orders. *E.g.*, *Press-Enterprise*, 464 U.S. at 513 (disapproving of sealing order that was not "limited to information that was actually sensitive and deserving of privacy protection"); LR IC 6-1(b) (stating that a party "making a redacted filing also may file an unredacted copy under seal"). NDOC has properly limited its request to that which is deserving of protection.

As noted, the Review-Journal lacks a First Amendment right of access to the privilege log, and it fails to articulate what standard applies to its request—much less show the standard is met. Assuming the Review-Journal must show "special need" for unsealing

as the Ninth Circuit described in *Sleugh*, 896 F.3d at 1015, the motion doesn't even try to meet that burden. In *Sleugh*, the Ninth Circuit held that a criminal defendant's need to challenge his conviction on appeal didn't meet the "special needs" standard, finding that he had no right to unseal his co-defendant's counsel's ex parte affidavit. *Id.* at 1016–17. Like the defendant in *Sleugh*, here, the Review-Journal "assumes too much." Any interest in unsealing the privilege log falls far short of the *Sleugh* movant's interest, which was not enough to justify unsealing.

### E. The Review-Journal's argument about hypothetical future hearings is premature

The Review-Journal argues that this Court should not seal any court hearings without first allowing the Review-Journal to object. ECF No. 55-2 at 9-10. The Court has not sealed any prior hearings, and there is no indication that it will seal any future hearings. It is not possible to determine what procedure should apply to hypothetical future hearings. The Court should disregard this argument in search of an issue.

## IV. Conclusion

The privilege log is a discovery document that in ordinary litigation would not be filed at all. Neither the First Amendment nor the common law creates a presumption of its public accessibility. If this Court allows the Review-Journal to intervene, it should deny its motion to unseal.

Respectfully submitted on this 17th day of May, 2021.

AARON D. FORD
Attorney General

By: */s/ D. Randall Gilmer*
    D. Randall Gilmer (Bar No. 14001)
    Chief Deputy Attorney General
    *Attorneys for NDOC Defendants*