**Rene L. Valladares**
Federal Public Defender
District of Nevada

**Lori C. Teicher**
First Assistant

**David Anthony**
Assistant Federal Public Defender

**Brad D. Levenson**
Assistant Federal Public Defender



411 E. Bonneville Ave.
Suite #250
Las Vegas, NV 89101
Tel: 702-388-6577

May 19, 2021

The Honorable Richard F. Boulware II
United States District Court Judge
United States Courthouse
333 S. Las Vegas Blvd.
Las Vegas, Nevada 89101

    Re:    *Floyd v. Daniels*
               Case No: 3:21-cv-00176-RFB-CLB

To the Honorable Judge Richard F. Boulware II:

    Pursuant to this Court's minute order dated May 12, 2021 (ECF No. 63), the parties held a meeting via Zoom on May 18, 2021 and agreed to some of the contents of this letter. However, the letter also includes the parties' disagreements that the Court will need to resolve. David Anthony and Brad Levenson participated for Plaintiff Zane Michael Floyd; Randall Gilmer participated for Defendant Nevada Department of Corrections (NDOC); and Crane Pomerantz appeared for Defendant Dr. Ihsan Azzam.

    As noted previously by counsel for Mr. Floyd, there may need to be modifications to this list of proposed discovery based upon NDOC's execution protocol which has still not been disclosed.

    Plaintiff' intends to submit interrogatories, request for production, and request for admission, for each of the subjects below. To the extent that an individual is listed twice for a deposition, there is no intention to have multiple depositions.  Plaintiff has merely separated the requests for depositions by subject matter as ordered by the Court.

I. **Discovery as to alternative methods of execution**[1]

A. **Firing Squad**

<u>Rule 45 subpoenas</u>

Utah Department of Corrections

South Carolina Department of Corrections

Mississippi Department of Corrections

Oklahoma Department of Corrections

<u>Depositions</u>

Utah Department of Corrections representative most knowledgeable regarding firing squad execution of Ronnie Lee Gardner (Rule 30(b)(6))

**Defendant's position:**

**NDOC Defendants and Dr. Azzam's Position:  Defendants do not object generally to Plaintiff's right to subpoena information from other jurisdictions but reserves the right to make limited objections as necessary or appropriate once served.**

**As to the 30(b)(6) deposition of Utah (or others), it is the position of Defendants that the deposition is irrelevant, not likely to lead to discoverable information, and not proportional to the needs of the case as Nevada law does not permit execution by firing squad and NDOC specifically stipulates that firing squad cannot and will not be used.**

**Defendants believe Plaintiff's reliance on *Bucklew v. Precythe*, 139 S. Ct. 1112 (2019) is overbroad as *Bucklew* still requires the alternative method of execution "not just be theoretically 'feasible'" but also "'readily implemented.'" *Id.* at 1130. Given Nevada's current state law is limited solely to lethal injection and meets on a part time basis once every two years, it is Defendant's position that firing squad is clearly not a method of execution that can be "readily implemented." *Id.* (citing *McGehee v.***

---

[1] Plaintiff proffered two alternative methods of execution based upon the last execution protocol proffered by NDOC in 2018: (1) firing squad; and (2) a two-drug protocol using a barbiturate as the second drug. *See* ECF No. 2 at 47-53. Since the filing of the initial complaint, NDOC has announced it will develop a new lethal injection protocol for Mr. Floyd's execution. Because of that, Floyd might proffer different alternatives once the new protocol is finalized and released.

*Hutchinson*, 854 F.3d 488, 493 (8th Cir. 2017); *Arthur v. Comm., Ala. Dept. of Corrections* 840 F.3d. 1268, 1300). Defendants look forward to full briefing on this issue.

Plaintiff's position:

Plaintiff's position: Defendants do not have standing to object to the issuance of a subpoena on a third party. As to the deposition, the United States Supreme Court held in *Bucklew v. Precythe*, 139 S. Ct. 1112 (2019), that a plaintiff is not limited to the alternatives provided by state law. *Id.* at 1128-29 ("An inmate seeking to identify an alternative method of execution is not limited to choosing among those presently authorized by a particular State's law."). And even if Defendants were correct, that would validate the arguments made to the Court in Plaintiff's FRCP 60(b) motion in *Floyd v. Gittere*, Case No. 2:06-cv-00471-RFB. ECF No. 183.

B. Access to pentobarbital/barbiturate medication

Rule 45 subpoenas

Federal Bureau of Prisons

Arizona Department of Corrections

Texas Department of Criminal Justice

Idaho Department of Corrections

Missouri Department of Corrections

South Dakota Department of Corrections

Defendant's position:

Defendants do not object generally to Plaintiff's right to subpoena information from other jurisdictions, but reserve the right to make limited objections as necessary or appropriate once served.

II. **Efforts to obtain drugs/suitability of drugs**

Depositions

> Charles Daniels: Director NDOC
>
> Dr. Ishan Azzam, Chief Medical Officer
>
> Linda Fox, Pharmacy Director NDOC
>
> Lisa Sherych: Administrator, Department of Health and Human Services
>
> Richard Whitley: Director, Department of Health and Human Services

**Defendant's position:**

**Defendants have no objections to the depositions of the three named parties, Director Charles Daniels, Chief Pharmacist Linda Fox and Chief Medical Officer (CMO) Dr. Azzam.**

**As it relates to the depositions of non-parties, Lisa Sherych and Richard Whitley, Defendants take no position at this time, but reserve the right to object as necessary on a case by case basis as issues are further developed and considered.**

Rule 45 Subpoena

> Nevada Board of Pharmacy

**Defendant's position:**

**Defendants do not object generally to Plaintiff's right to subpoena information from other entities, but reserve the right to make limited objections as necessary or appropriate once served.**

III. **Discovery on intended protocol**

> Materials related to finalized protocol
>
> Materials related to prior 2018 Dozier protocol
>
> Prior evaluations of Floyd and Dozier protocols

4

  Possession of drugs for lethal injection

  Materials related to individuals consulted and documentation reviewed regarding Floyd and Dozier protocols

 **Defendant's position:**

**Defendants understand Plaintiff's intention to seek discovery of the above subjects. Defendants reserve the right to object on a case by case basis, including applicable privileges such as (but not limited to) deliberative process privilege, attorney-client privilege, and work product. Plaintiff may seek discovery into the above categories, subject to these objections as needed on a case-by-case basis. As it relates to proportionality and relevance, Defendants specifically reserve the right and place Plaintiff on notice that they believe information pertaining to the Dozier Protocol is not relevant nor discoverable as it is not proportional to the needs of the case nor likely to lead to relevant information.**

 **Plaintiff's position:**

**Plaintiffs rely on the arguments previously made to the Court that the Dozier protocol and Dr. Azzam's recommendation with respect to that protocol is relevant to the extent that it overlaps with the protocol that NDOC intends to use in Plaintiff's execution.**

 IV. **Discovery on drugs**

  A. **Mixing and preparation**

 Depositions

  Drug administrator(s)

  Director Daniels

  Pharmacy Director Linda Fox

 **Defendant's position:**

 **NDOC Defendants do not object to the depositions of Director Daniels or Chief Pharmacist Fox.**

 **NDOC Defendants object to taking the deposition of the drug administrator(s) as well as any disclosure of the drug administrator(s) identity. Defendants are willing to provide anonymous information regarding training and skills of this individual(s) and other information Plaintiff may seek subject to a protective order and further discussions.**

5

Dr. Azzam takes no position with regard to these depositions at this juncture, but reserves the right to object on a case by case basis.

**Plaintiff's position:**

Depositions of the drug administrators can be conducted anonymously. This is the process used in other jurisdictions that have permitted depositions of individuals involved in the execution.

B. Transportation and storage

Rule 45

Manufacturer labels

**Defendant's position:**

Defendants do not object generally to Plaintiff's right to subpoena information from other entities, but reserve the right to make limited objections as necessary or appropriate once served.

Defendants do reiterate its general objection to manufacturers identities being disclosed publicly.

**Plaintiff's position:**

Plaintiff reiterates his position that the manufacturer labeling information regarding dosage, drug interactions, storage, and transportation of the drugs to be used in the execution are relevant and necessary information to obtain in discovery.

Deposition

Linda Fox

**Defendant's position:**

Defendant NDOC has no objection to Plaintiff deposing Linda Fox.

Defendant Dr. Azzam takes no position on the deposition of Linda Fox at this juncture, but reserves the right to object on a case by case basis.

V. Discovery on training

Subject matter

Presence of attending physician

      Drug/administrators/execution team members

      Assessment of unawareness

      Verbal stimulus check

      Medical grade pinch

      Mixing/storage/transportation of drugs

      Setting IV lines

<u>Depositions</u>

      Attending physician

      Medical services personnel/medical personnel

      Drug administrator(s)

      Director Daniels

      Warden Gittere

      Dr. Azzam

      Linda Fox

      EMT/IV Team

      Coroner for White Pine County

      Designated Deputy Director

**<u>Defendant's position:</u>**

**Defendants have no objections to the depositions of the named parties, Director Charles Daniels, Chief Pharmacist Linda Fox, CMO Dr. Azzam, Warden Gittere, or a Designated Deputy Director.**

**As it relates to the depositions of non-parties, or other potential employees of NDOC or the State, Defendants object to the deposition of the drug administrator(s), EMT/IV Team, medical services personnel/medical personnel, attending physician as well as any disclosure of the any of these individuals identities. Defendants are willing to provide anonymous information regarding training and skills of these individual(s) and other information Plaintiff may seek subject to a protective order and further discussions.**

**Defendant NDOC take no position regarding the deposition of the Coroner for White Pine County at this time.**

7

**Defendant Dr. Azzam takes no position on the deposition of the non-party witnesses, including the White Pine Coroner at this juncture, but reserves the right to object on a case by case basis.**

**Defendants also reserve the right to object to depositions that exceed ten per party.**

**Plaintiff's position:**

As stated above, Plaintiff believes depositions of individuals involved in the execution can be conducted anonymously and in a manner that does not result in the disclosure of the identities of those individuals.

VI.   **Facility Discovery**

        Site inspection Ely State Prison

        Kittrell Garlock and Associates (Designer of execution chamber) – Rule 30(b)(6) deposition

        Maintenance of the execution chamber – Rule 30(b)(6) deposition

**Defendant's position:**

Dr. Azzam takes no position as to these issues at this juncture, but reserves the right to object on a case by case basis.

**NDOC Defendants do not object to a site inspection.**

**NDOC Defendants reserve the right to object to the Rule 30(b)(6) depositions on proportionality and relevance grounds on a case by case basis. NDOC Defendants also object to the extent the taking of these depositions would result in Plaintiff seeking to depose more than ten individuals.**

**Plaintiff's position:**

Plaintiff's position: the depositions plaintiff seeks with respect to the facility are important because the execution room at Ely State Prison has never been used in an execution before which makes this discovery particularly important.

        Sincerely,

        */s/ David Anthony*
        Assistant Federal Public Defender

        */s/ Brad D. Levenson*
        Assistant Federal Public Defender