AARON D. FORD
  Attorney General
D. Randall Gilmer (Bar No. 14001)
  Chief Deputy Attorney General
State of Nevada
Office of the Attorney Generals
555 E. Washington Ave., Ste. 3900
Las Vegas, Nevada 89101
Telephone: (702) 486-3427
Facsimile:  (702) 486-3773
Email: DGilmer@ag.nv.gov

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ZANE M. FLOYD, | Case No. 3:21-cv-00176-RFB-CLB |
| Plaintiff, | |
| v. | |
| CHARLES DANIELS, DIRECTOR, NEVADA DEPARTMENT OF CORRECTIONS, ET AL., | |
| Defendants. | |

**STIPULATED PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENT**

**I.      Stipulated Protected Order Pertaining to Production of Documents**

All parties, Plaintiff Zane Floyd, Defendants, Charles Daniels, Harold Wickham, William Gittere, William Reubart, David Drummond, Dr. Michael Minev, Dr. David Green, Linda Fox (collectively "NDOC" or "NDOC Defendants"), and Dr. Ihsan Azzam, by and through their respective counsel, stipulate to the following terms regarding a Protective Order and Confidentiality Agreement (Agreement).

On May 14, 2021, NDOC Defendants identified documents that they would voluntarily produce to all parties in this case subject to a protective order, which were identified on a production log. On March 20, 2021, Plaintiff and NDOC Defendants verbally agreed to tentative terms regarding the disclosure of those documents pursuant to a process governing production of those documents. This Agreement will govern the dissemination of

those documents as well as additional documents that may be become producible throughout this litigation.

## II. Additional Terms

### 1. Redaction of Personal Identifying Information

The Parties agree that should the Producing Party believe documents that are subject to disclosure include the names, titles, emails, or other personal information of NDOC employees that are not involved the decision-making process relating to the relevant information necessary in this litigation, that the document may be provided in redacted form to protect the personal identifying information of those individuals. To the extent Plaintiff believes it is necessary to confirm the identify of the individuals redacted from the document, NDOC's counsel agrees to provide those names to Plaintiff's counsel either verbally or in written form for "ATTORNEYS' EYES ONLY" as that term is more fully defined herein.

### 2. Confidential Information

In providing or revealing documents, any individual or entity named above ("Producing Party") may designate as "CONFIDENTIAL" all or part of any such materials that constitute trade secrets, proprietary data, marketing information, financial information, and/or similar sensitive information of the type contemplated by Rule 26(c) of the Federal Rules of Civil Procedure. The Producing Party must have a good faith basis, in law and in fact, to believe that the designated material is in fact privileged, confidential or that unprotected disclosures may jeopardize law enforcement, or create safety, security, or operational injury. The designated material must not be publicly known and must not be ascertainable from an inspection of publicly available documents, materials, or devices.

The Producing Party may further designate certain materials of a highly confidential and/or safety, security, or operational nature as "ATTORNEYS' EYES ONLY." The Parties agree that the names of individuals other than Defendants and those involved in the decision-making process may be redacted from any document being filed in Court, and that the information will be provided to counsel as necessary under this provision. Should the

Parties disagree as to whether the name of the individual should be provided in a public forum, the Parties agree to keep the name and other identifying information CONFIDENTIAL and ATTORNEY EYES ONLY until the disagreement is resolved pursuant to the process set forth below in Section II.4.

### 3. Designation of Confidential Information

If a Producing Party determines that any of its documents, things, or responses produced in the course of litigating this action should be designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" and, therefore, constitute "Confidential Information," it shall advise the other party ("Receiving Party") who has received such Confidential Information of this fact along with a description explaining why the document has been so designated, and all copies of such documents, things or responses, or portions thereof, deemed to be confidential shall be marked "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" at the expense of the Producing Party and treated as confidential by all parties. With respect to a multi-page document that contains Confidential Information, the designation should be made, to the extent possible, on each page of the document. If designation in this manner is impossible or impractical, the Producing Party may use such other method of designation as is reasonable under the circumstances.

### 4. Challenges to Designation

If any party objects to the designation of any record or thing as confidential material, that party shall promptly notify all other parties in writing within three (3) court days of receipt of the confidential material. The parties shall have a period of no longer than three (3) court days to resolve the dispute by agreement. If the dispute is not resolved by agreement, the Producing Party shall move to enforce the confidential designation three (3) court days thereafter. The Receiving Party may file their own response three (3) court days thereafter. The Producing Party shall bear the burden of establishing that the materials are properly designated as confidential as required under the case law, rules, and statutes. Pending such determination by the Court (or the expiration of the period in

which any party may make a challenge to an adverse ruling, if later), the records and/or things shall be maintained as confidential material.

### 5. Use of Confidential Information

Confidential Information designated or marked as provided herein shall be used by the Receiving Party solely for the purposes of this litigation and shall not be disclosed to anyone other than those persons identified herein in paragraphs 7 and 8 and who have executed an acknowledgement and agreement as set forth in Exhibit A to abide by this Order. Confidential Information shall be handled in the manner set forth herein until such designation is removed by the Producing Party or by order of the Court. Confidential Information shall not be used by any other person granted access thereto, besides the Receiving Party, under this Confidentiality Agreement and Protective Order ("Order") for any purpose outside of this lawsuit, including, but not limited to, a court or competitive purpose. Nothing herein shall preclude the Producing Party from using its own Confidential Information.

### 6. Use of Confidential Information in Depositions

Any party shall have the right to use Confidential Information during depositions, provided that all persons who are present during such portions of depositions are enumerated in paragraphs 7 and 8 below who have executed an acknowledgement and agreement as set forth in Exhibit A to abide by this Order. During a deposition, if the contents of a document marked "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" is inquired into, or if counsel for a party believes that the response to a question may result in the disclosure of Confidential Information, or whenever counsel for a party deems that the response to any question *has* resulted in the disclosure of Confidential Information, the deposition (or portions thereof) may be designated by the affected party as containing Confidential Information subject to the provisions of this Order. When such designation has been made, the testimony, or the transcript of such testimony, shall be disclosed only to those parties described in paragraphs 7 and 8, and the information contained therein shall be used only as specified in this Order.

Counsel for the party whose Confidential Information is involved may also request that all persons not qualified under paragraphs 7 or 8 of this Order to have access to the Confidential Information leave the deposition room during the confidential portion(s) of the deposition. Failure of such other persons to comply with a request to leave the deposition shall constitute substantial justification for counsel to advise the witness that the witness need not answer the question seeking the revelation of Confidential Information.

All originals and copies of the deposition transcripts that contain Confidential Information shall be prominently marked "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" on the cover thereof and, if and when filed with the Court, the portions of such transcript so designated shall be filed under seal. Counsel must designate portions of deposition transcripts as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" within three (3) court days, subject to any stipulation for additional time, of receiving the transcripts. Designations may be made by letter to counsel of record or on the record during the deposition. Portions of deposition transcripts so designated shall be treated as Confidential Information by the parties as set forth herein; during the three (3) court day period, the entire transcript shall be treated as confidential.

If any party challenges another party's designation of Confidential Information, the designation and challenge shall be resolved in the manner set forth in paragraph 4 above. If no confidential designations are made within the three (3) court day period, the entire transcript shall be considered not confidential.

**7.    Disclosure of "Confidential" Information**

Confidential Information produced pursuant to this Order and designated "CONFIDENTIAL" may be disclosed or made available only to the persons designated in Section I above, and below:

    a.    the Court (under seal);

    b.    counsel of Record for all parties, including non-party counsel to NDOC, the Nevada Department of Health and Human Services, the Nevada Federal Public Defender's Office, the Nevada Office of the Attorney General, and partners and

associates employed with the law office Sklar Williams, PLLC, who assist them in this matter, and the paralegals, clerical and secretarial staff employed by such counsel;

  c. the Named Parties to the litigation, subject to the limitations stated in Section I above, and who have executed an acknowledgement and agreement as set forth in Exhibit 1 to abide by this Order and employees, officers, directors and in-house counsel for the parties who need access to the material designated Confidential to assist counsel in the litigation, as well as secretarial and clerical personnel who work regularly with such person;

  d. court reporters and videographers;

  e. non-party experts or consultants who have executed an acknowledgment and agreement as set forth in Exhibit 1 to abide by this Order, including their secretarial and clerical personnel retained to assist counsel of record in this case who have agreed to be bound by this Order;

  f. any bona fide potential or actual witness (and any counsel of such witness), provided that counsel herein reasonably believe the witness has relevant knowledge about the creation, distribution or maintenance of the particular Confidential Information to be disclosed, or about the facts contained therein;

  g. such other persons as the parties may stipulate to in writing; and

  h. such other persons as the Court may order upon application of the parties.

Any person to whom Confidential Information is disclosed pursuant to subparts (b) through (h) shall be advised that the Confidential Information is being disclosed pursuant to an Order of the Court, that the information may not be disclosed to any other person not permitted to have access to the Confidential Information pursuant to this Order, and that any violation of this Order may result in the imposition of such sanctions as the Court deems proper.

**8.     Disclosure of "ATTORNEYS' EYES ONLY" Information**

Confidential Information produced pursuant to this Order and designated "ATTORNEYS' EYES ONLY" may be disclosed or made available only to the persons designated below:

    a.   the Court (under seal);

    b.   counsel of Record for all parties, including non-party counsel to NDOC, the Nevada Department of Health and Human Services, the Nevada Federal Public Defender's Office, the Nevada Office of the Attorney General, and partners and associates employed with the law office Sklar Williams, PLLC, who assist them in this matter, and the paralegals, clerical and secretarial staff employed by such counsel;

    c.   court reporters and videographers;

    d.   non-party experts or consultants who have executed an acknowledgment and agreement to abide by this Order, including their secretarial and clerical personnel retained to assist counsel of record in this case who have agreed to be bound by this Order;

    e.   any bona fide potential or actual witness (and any counsel of such witness), provided that counsel herein reasonably believe the witness has relevant knowledge about the creation, distribution or maintenance of the particular Confidential material to be disclosed, or about the facts contained therein;

    f.   such other persons as the parties may stipulate to in writing; and

    g.   such other persons as the Court may order upon application of the parties.

Any person to whom "For Attorneys' Eyes Only" Confidential Information is disclosed pursuant to subparts (b) through (g) shall be advised that the Confidential Information is being disclosed pursuant to an Order of the Court, that the information may not be disclosed to any other person not permitted to have access to the Confidential

Information pursuant to this Order, and that any violation of this Order may result in the imposition of such sanctions as the Court deems proper.

### 9. Filing of Confidential Information with the Court

Any Confidential Information that is filed with the Court by any party (including transcripts of depositions or portions thereof, documents produced in litigation, information obtained from inspection of premises or things, answers to interrogatories or requests for admissions, exhibits and all other documents that have previously been designated as containing Confidential Information, or any pleading or memorandum reproducing or containing such information) shall be filed under seal and served on counsel of record via email in a manner consistent with the Federal Rules of Civil Procedure and this Court's Local Rules.

In the event any Confidential Information is used in any pretrial Court proceeding in this action, it shall not lose its confidential status throughout such use. The party using such Confidential Information shall take all reasonable steps to maintain its confidentiality during such use, including, without limitation, requesting that the Court seal any transcript with respect to such proceeding. Nothing in this Order, or designations of confidentiality hereunder, shall in any way affect the treatment of Confidential Information at the trial of this action. Within three (3) court days after the conclusion of discovery, the parties shall confer and, if necessary, submit appropriate motions to the Court setting forth their positions as to the treatment at trial of Confidential Information.

### 10. Application to Non-Parties

This Order shall inure to the benefit of, and may be invoked and enforced by, non-parties with respect to documents and information produced by them in the course of litigating this action and designated by them as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" in the manner provided herein. Any non-party invoking this Order shall comply with, and be subject to, all applicable provisions herein.

**11.  Knowledge of Unauthorized Use or Possession**

The Receiving Party shall immediately notify the Producing Party in writing if the Receiving Party learns of any unauthorized possession, knowledge, use or disclosure of any Confidential Information that has occurred by way of Confidential Information provided by that Producing Party.  The Receiving Party shall promptly furnish the Producing Party full details of such possession, knowledge, use or disclosure.  With respect to such unauthorized possession, knowledge use or disclosure, the Receiving Party shall assist the Producing Party in preventing its recurrence of and shall cooperate reasonably with the Producing Party in any efforts to prevent the unauthorized use or further dissemination of the Confidential Information, including contacting any individuals or entities that have unauthorized possession to request that the individuals or entities return all copies in their possession, and cooperating with any motions or litigation filed by the Producing Party against the individuals or entities in unauthorized possession who refuse to voluntarily return the documents.

**12.  Copies, Summaries or Abstracts**

Any copies, summaries, abstracts or exact duplications of Confidential Information shall be marked "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" and shall be considered Confidential Information subject to the terms and conditions of this Order. Attorney-client communications and attorney work product regarding Confidential Information shall not be subject to this paragraph, regardless of whether they summarize, abstract, paraphrase or otherwise reflect Confidential Information.

**13.  Information Not Confidential**

The restrictions set forth in this Order shall not be construed to apply to information or other materials:

   a.   obtained by a party from any non-party to this litigation having the right to disclose such information; or

      b.     that have been or become part of the public domain by publication or otherwise and not due to any unauthorized act or omission on the part of a Receiving Party; or

      c.     that, under the law, have been declared to be in the public domain.

**14.**    **No Waiver Regarding Confidential Nature of Information**

This Order is entered solely for the purpose of facilitating the exchange of documents and information among the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order nor the production of any information or document under the terms of this Order, nor any proceeding pursuant to this Order, shall be deemed (i) to have the effect of an admission or waiver by either party of the confidentiality or non-confidentiality of any materials; (ii) to alter the confidentiality or the non-confidentiality of any such document or information; (iii) to alter any existing obligation of any party or the absence thereof; or (iv) to affect in any way the authenticity or admissibility of any document, testimony, or other evidence at trial. Entry of this Order does not preclude any party from seeking or opposing additional protection for particular information.

**15.**    **Inadvertent Failure to Designate**

The inadvertent failure of a Producing Party to designate materials as Confidential Information shall not be deemed, by itself, to be a waiver of the party's or non-party's rights to so designate such materials. Immediately upon learning of any such inadvertent failure, the Producing Party shall notify all receiving parties of such inadvertent failure and take such other steps as necessary to correct such failure after becoming aware of it. However, disclosure by a Receiving Party of such materials to any other person prior to the designation of materials in accordance with this paragraph shall not violate the terms of this Order.

**16.**    **No Waiver of Privilege**

This Order will not prejudice the right of any party or non-party to oppose production of any information on the grounds of attorney-client privilege, work product privilege or any other privilege or protection provided under the law.

**17.     Return or Destruction of Confidential Information**

Within thirty (30) court days after the conclusion of this action, including any appeal thereof, or the conclusion of any other legal proceeding (including arbitration proceedings) between any or all of the parties to this lawsuit, all documents and things, including appropriate portions of transcripts of depositions, together with all copies thereof, which have been designated as Confidential Information, shall be returned to the designating party. In lieu of returning such designated materials as provided above, counsel for the Receiving Party may certify in writing to counsel for the Producing Party that the materials have been destroyed.

Counsel for the parties are responsible for retrieving from their retained experts and consultants all confidential materials and returning or destroying them, and for assuring that their retained experts and consultants do not keep any copies. In lieu of having such materials returned, such counsel shall secure a written confirmation from their retained expert and consultants that such materials have been destroyed.

**18.     Other Actions and Proceedings.** If a Receiving Party is: (a) subpoenaed in another action or proceeding; (b) served with a demand in another action or proceeding in which it is a party; or (c) served with any legal process by one not a party to this Stipulation and Order, seeking materials that were produced or designated as Confidential Information pursuant to this Stipulation and Order, the Receiving Party shall give prompt actual written notice by hand or facsimile transmission to counsel of record for such Producing Party within five (5) business days of receipt of such subpoena, demand or legal process or such shorter notice as may be required to provide the Producing Party with the opportunity to object to the immediate production of the requested materials to the extent permitted by law. Should the person seeking access to Confidential Information take action against the Receiving Party or anyone else covered by this Stipulation and Order to enforce such a subpoena, demand or other legal process, the Receiving Party shall respond by setting forth the existence of this Stipulation and Order concerning the use of information disclosed hereunder.

**19.** **Waiver.** Waiver of any provision herein shall not be deemed a waiver of any other provision herein, nor shall waiver of any violation of this Agreement or Order be construed as a continuing waiver of other violations of the same or other provisions of this Agreement.  Neither failure nor delay on the part of any party to exercise any right, remedy, power or privilege hereunder nor dealing between the parties shall operate as a waiver thereof, or of the exercise of any other right, remedy, power or privilege.

Dated this 27th day of May, 2021.

AARON D. FORD
Attorney General

By: /s/ *D. Randall Gilmer*
D. RANDALL GILMER (NV Bar # 14001)
Chief Deputy Attorney General
Office of the Attorney General
555 E. Washington Ave., Ste. 3900
Las Vegas, NV 89101
(702) 486-3427 (phone)
(702) 486-3773 (fax)
drgilmer@ag.nv.gov
*Attorneys for NDOC Defendants*

Dated this 27th day of May, 2021.

RENE L. VALLADARES
Federal Public Defender

By: */s/ David Anthony*
DAVID ANTHONY (NV Bar # 7978)
BRAD D. LEVENSON (Cal. Bar # 166073)
TIMOTHY R. PAYNE (OH Bar # 0069329)
Assistant Federal Public Defender
411 E. Bonneville, Ste. 250
Las Vegas, Nevada 89101
(702) 388-6577 (phone)
(702) 388-6419 (fax)
David_Anthony@fd.org
Brad_Levenson@fd.org
Tim_Payne@fd.org
*Attorneys for Zane Floyd*

Dated this 27th day of May, 2021.

SKLAR WILLIAMS PLLC

By: */s/ Crane Pomerantz*
CRANE POMERANTZ (NV Bar # 14103)
NADIA AHEMD (NV Bar # 15489)
SKLAR WILLIAMS PLLC
410 South Rampart Boulevard, Suite 350
Las Vegas, NV 89149
(702) 360-6000 (phone)
(702) 360-0000 (fax)
cpomerants@sklar-law.com
nahmed@sklar-law.com
*Attorneys for Dr. Azzam*

**ORDER**

For good cause appearing, the Stipulation and Protective Order Governing Sensitive and Confidential Material as set forth above is **SO ORDERED**.

IT IS SO ORDERED this 3rd day of ___June___, 2021

_____
Honorable Richard J. Boulware, II
United States District Judge

*Floyd v. Daniels, et al.*
Case No. 3:21-cv-00176-RFB-CLB

# EXHIBIT A

# ACKNOWLEDGEMENT

I, _____, declare that:

1. I have received a copy of the Stipulated Protective Order and Confidential Agreement ("Confidentiality Agreement") entered in the lawsuit styed *Floyd v. Daniels et al.*, Case No. 3:21-cv-00176-RFB-CLB.

2. I have carefully read and understand the provisions of this Confidentiality Agreement and I agree to abide by its terms.

3. I agree to use the confidential material provided to me only in connect with assisting counsel of record for a party in the prosecution or defense of this matter.

4. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Confidentiality Agreement, and will not copy or use for purposes other than for this Action any information designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" that I receive in this Action, except to the extent that such information designated or becomes public domain information or otherwise is not deemed "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" in accordance with the Confidentiality Agreement.

5. I agree that within thirty (30) day of the conclusion of the litigation, I will return all "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" to the party or attorney from whom I received it.

6. I expressly consent to subject myself personally to the jurisdiction of this Court for the purpose of proceedings relating to my performance under, compliance with, or violation of the Confidentiality Agreement.

7. I understand that disclosure of information designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" in violation of the Confidentiality Agreement may constitute contempt of court and could result in civil sanctions levied by the Court, as well as other civil or criminal penalties under state or federal law.

I declare under penalty of perjury that the foregoing is true and correct.

_____        _____
Date                                                                    Signature