Margaret A. McLetchie, Nevada Bar No. 10931
Alina M. Shell, Nevada Bar No. 11711
**MCLETCHIE LAW**
602 South Tenth Street
Las Vegas, NV 89101
Telephone: (702) 728-5300; Facsimile: (702) 425-8220
Email: maggie@nvlitigation.com
*Counsel for Intervenor, Las Vegas Review-Journal, Inc.*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ZANE M. FLOYD,<br><br>  Plaintiff,<br>vs.<br><br>CHARLES DANIELS, DIRECTOR, NEVADA DEPARTMENT OF CORRECTIONS; ET AL.,<br><br>  Defendants. | Case. No.: 3:21-cv-00176-RFB-CLB<br><br>**LAS VEGAS REVIEW-JOURNAL, INC.'S NOTICE REGARDING DISCLOSURE** |

Intervenor Las Vegas Review-Journal, Inc. hereby submits this Notice regarding disclosure of court records.

DATED this 21st day of June, 2021.

*/s/ Margaret A. McLetchie*
Margaret A. McLetchie, Nevada Bar No. 10931
Alina M. Shell, Nevada Bar No. 11711
**MCLETCHIE LAW**
602 South Tenth Street
Las Vegas, NV 89101
Telephone: (702) 728-5300; Facsimile: (702) 425-8220
Email: maggie@nvlitigation.com
*Counsel for Intervenor, Las Vegas Review-Journal, Inc.*

1

During the June 10, 2021, status conference, this Court instructed the Review-Journal to file a motion to disclose court records, if any, in this matter by not later than June 21, 2021. (*See* ECF No. 95 (minutes of proceeding).) The Nevada Department of Corrections ("NDOC") has filed a redacted version of the Execution Manual with this Court (ECF No. 99-1 (amended Execution Manual)).[1] Thus, it appears that a motion for disclosure would be unnecessary at this stage of the proceeding, as it appears that there are no documents or pleadings currently under seal. However, the Review-Journal hereby reserves its right to seek the disclosure of any documents that the parties to this matter may in the future submit under seal.

The Review-Journal also reiterates that, should the Court consider closing any hearing in this matter, the Review-Journal (and the public in general) is entitled to notice and an opportunity to heard prior to any decision on whether closure will be allowed.

To restrict public access under the First Amendment presumed right of access doctrine, three procedural requirements must be satisfied. First, a court must hold a hearing regarding any closure request. *United States v. Sherlock*, 962 F.2d 1349, 1358 (9th Cir. 1992). In cases pertaining to the First Amendment right of access to court proceedings, the Ninth Circuit requires that "those excluded from the proceeding must be afforded a reasonable opportunity to state their objections." *Oregonian Pub. Co. v. U. S. Dist. Court*, 920 F.2d 1462, 1466 (9th Cir. 1990); *see also United States v. Brooklier*, 685 F.2d 1162, 1167-68 (9th Cir. 1982); *Phoenix Newspapers, Inc. v. United States Dist. Court*, 156 F.3d 940, 949 (9th Cir. 1998) ("[I]f a court contemplates sealing a document or transcript, it must provide sufficient notice to the public and press to afford them the opportunity to object or offer alternatives. If objections are made, a hearing on the objections must be held as soon as possible."). Second, "the reasons supporting closure must be articulated in findings."

---

[1] Additionally, by email on June 21, 2021, counsel for NDOC provided 23 pages of invoices. Mr. Gilmer indicated the invoices constitute all invoices for drugs referenced in the Execution Manual in NDOC's current possession, including (but not limited to) the invoices referenced in NDOC's privilege log.

*Oregonian Pub. Co.*, 920 F.2d at 1466 (9th Cir. 1990); *Brooklier*, 685 F.2d at 1167-68 (stating same). Finally, the Court must consider reasonable alternatives to closure that would preserve the fairness of the proceeding without substantially interfering with the right of access. *Sacramento Bee v. United States Dist. Court for E. Dist., etc.*, 656 F.2d 477, 482 (9th Cir. 1981) (citation omitted); *accord Sherlock*, 962 F.2d at 1359.

As the Ninth Circuit has explained, these procedural requirements are not a matter of form over function:

> The procedural and substantive safeguards described in *Oregonian* and *Brooklier* are not mere punctilios, to be observed when convenient. They provide the essential, indeed only, means by which the public's voice can be heard. All too often, parties to the litigation are either indifferent or antipathetic to disclosure requests. This is to be expected: it is not their charge to represent the rights of others. However, balancing interests cannot be performed in a vacuum. Thus, providing the public notice and an opportunity to be heard ensures that the trial court will have a true opportunity to weigh the legitimate concerns of all those affected by a closure decision. Similarly, entry of specific findings allows fair assessment of the trial judge's reasoning by the public and the appellate courts, enhancing trust in the judicial process and minimizing fear that justice is being administered clandestinely.

*Phoenix Newspapers*, 156 F.3d at 951. Thus, these procedural safeguards are essential to the preservation of the public's right of access to court proceedings. *See also Globe Newspapers v. Superior Court*, 457 U.S. 596, 609 n.25 (the First Amendment requires that members of the press and general public must be given an opportunity to be heard prior to sealing court proceedings) (citations omitted).

Providing advance notice of intent to seal is a critical first step in ensuring the public's right of access is properly observed. Typically, the most effective way to provide sufficient notice to the public of closure of a proceeding is by docketing any closure motion in advance of a hearing on such motion to permit intervention by interested members of the public. *Phoenix Newspapers*, 156 F.3d at 946; *Oregonian*, 920 F.2d at 1465; *see also United States v. Agosto Ayson Biagon*, 510 F.3d 844, 848 (9th Cir. 2007) (affirming a district court's denial of a defendant's in-court request to close a sentencing hearing where the defendant failed to file a motion in advance of the hearing).

Accordingly, in light of this long-standing requirement that the public in entitled to advanced notice of any efforts to limit public access to court proceedings, the Review-Journal respectfully asserts that, should the parties or the Court seek to close any proceeding in this matter, the Court must provide notice of any hearing on closure which ensures that the Review-Journal and the public has the opportunity to object to such closure.

DATED this 21st day of June, 2021.

*/s/ Margaret A. McLetchie*
Margaret A. McLetchie, Nevada Bar No. 10931
Alina M. Shell, Nevada Bar No. 11711
**MCLETCHIE LAW**
602 South Tenth Street
Las Vegas, NV 89101
Telephone: (702) 728-5300; Facsimile: (702) 425-8220
Email: maggie@nvlitigation.com
*Counsel for Intervenor, Las Vegas Review-Journal, Inc.*