# EXHIBIT E – DECLARATION OF CHARLES DANIELS, DIRECTOR OF THE NEVADA DEPARTMENT OF CORRECTIONS

AARON D. FORD
 Attorney General
D. Randall Gilmer (Bar No. 14001)
 Chief Deputy Attorney General
State of Nevada
Office of the Attorney Generals
555 E. Washington Ave., Ste. 3900
Las Vegas, Nevada 89101
Telephone: (702) 486-3427
Facsimile: (702) 486-3773
Email: DGilmer@ag.nv.gov

*Attorneys for Defendants Daniels,
Wickham, Gittere, Reubart, Drummond,
Minev, Green and Fox (NDOC Defendants)*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ZANE M. FLOYD,<br><br>                  Plaintiff,<br><br>  v.<br><br>CHARLES DANIELS, DIRECTOR, NEVADA DEPARTMENT OF CORRECTIONS, ET AL.,<br><br>                  Defendants. | Case No. 3:21-cv-00176-RFB-CLB<br><br>**DECLARATION OF CHARLES DANIELS, DIRECTOR OF THE NEVADA DEPARTMENT OF CORRECTIONS** |

   I, Charles Daniels, hereby declare based on personal knowledge and/or information and belief, that the following assertions are true.

   1.   Since December 3, 2019, I have been employed by the Nevada Department of Corrections (NDOC) as Director for the Nevada Department of Corrections. This position is appointed by, and serves at the pleasure of, the Governor. As Director, I am responsible for all aspects of NDOC.

   2.   I have worked in corrections for over thirty (30) years. This time includes twenty-eight (28) years working for the Federal Bureau of Prisons. During my time with the Federal Bureau of Prisons, I held a multitude of leadership positions, including serving as senior deputy assistant director, and working as the complex warden for federal facilities in Beaumont, Texas and Terre Haute, Indiana.

3. Upon retirement from federal service in 2016, I joined the New York City Department of Corrections, where I worked for until being appointed as Deputy Commissioner of Operations for the Alabama Department of Corrections.

4. One of my duties as Director of NDOC is to select an appropriate lethal injection protocol for the purposes of ensuring that any judicially authorized execution warrant and order be carried out in a manner consistent with the constitutional rights of the condemned individual.

5. I previously provided a declaration in this case, which I understand can be located at ECF No. 22–10 and 23–10. I reaffirm all statements contained in the declaration as truthful and accurate. I have provided this Declaration to respond to Mr. Floyd's specific statements regarding the potential of firing squad or an alternative lethal injection drug being readily available to the NDOC to carry out his execution.

6. My statements regarding firing squad and potential alternative drugs are designed solely to address whether those alternatives are available to me to consider as part of NDOC's execution protocol. The statements should in no way be perceived as me opining as to whether either of those potential alternatives would significantly reduce a substantial risk of pain, as that question is better asked of medical experts, which I understand Mr. Floyd has not provided or addressed.

7. As noted in my previous declaration, but repeated here due to its significant legal importance, to ensure that my duty in this regard is carried out effectively, I will, consistent with the requirements of Nev. Rev. Stat. 176.355, ensure that any judgment of death be completed through the use of "an injection of a lethal drug," that may include either one drug or a combination of drugs.

8. The State of Nevada has only provided me discretion to choose drugs to be used in a lethal injection. Nevada law does not authorize death by firing squad. I therefore have no discretion to consider that as an option. In addition, given that the Nevada Legislature, absent special circumstances, only meets every other year, and therefore is not

scheduled to reconvene until January of 2023, I do not believe firing squad is a readily available option for me to consider.

9. As it relates to Mr. Floyd's request that NDOC use either pentobarbital or sodium thiopental, I can attest that neither of these medications, just as midazolam, are available for purchase by the NDOC through ordinary transactional efforts.

10. It is important to me that any medications used in the lethal injection process be based on medications that are readily available to the NDOC through ordinary transactional means. I therefore considered medications that I was informed could be purchased through our Central Pharmacy using our ordinary and usual ordering method, which I understand is by placing an order through an internet-based ordering system.

11. I am aware that pentobarbital and sodium thiopental are medications that have been used and considered in executions. However, as neither medication is available for purchase by the NDOC through ordinary transactional efforts, they are not readily available for use by the NDOC now or in the future.

12. To the extent Mr. Floyd has indicated that pentobarbital or sodium thiopental are available to other states, that is not true for the State of Nevada. It is my understanding that those medications have not been available for purchase to the NDOC for several years.

13. Because of their unavailability, I cannot proceed with an execution under a protocol that contains either pentobarbital or sodium thiopental, whether as a single dose or as part of a combination with other medications.

14. Knowing that neither pentobarbital or sodium thiopental were available for purchase through ordinary transaction efforts, I directed Chief Fox to purchase through Cardinal Health the medications contained in the NDOC Protocol: fentanyl, alfentanil, ketamine, cisatracuriam, potassium chloride and potassium acetate.

15. Chief Fox was able to purchase through ordinary transaction means alfentanil, ketamine, cisatracuriam, and potassium acetate. She therefore purchased them as I had directed.

16. Chief Fox informed me she was unable to purchase fentanyl or potassium chloride, however, she had previously purchased both medications–neither of which have expired–using ordinary transactional efforts, during Former Director Dzurenda's time as Director of the NDOC. It is my understanding that Chief Fox was also able to purchase ketamine on behalf of the NDOC during Director Dzurenda's tenure.

17. NDOC can proceed with an execution using a combination of the medications set forth in the current NDOC Protocol, which I finalized on June 9, 2021, and as amended on June 21, 2021 to correct three typographical errors. The amended version has been made publicly available to all parties and the public.

18. As I attested on April 30, 2021, I was committed to ensuring any protocol completed by me would only be finalized and authorized by me when I was able to ensure it would result in the death of a condemned inmate without violating the Constitution.

19. I declare under penalty of perjury pursuant to 28 U.S.C. section 1746 that the foregoing is true and correct.

EXECUTED this 23rd day of June, 2021.

/s/ Charles Daniels*
Charles Daniels
Director,
Nevada Department of Corrections

---

* Pursuant to Temporary General Order 2020-05, entered by Chief Judge Du on March 30, 2020, https://www.nvd.uscourts.gov/wp-content/uploads/2020/03/GO-2020-05-re-COVID-19-Remote-Hearings.pdf, and as extended on March 29, 2021, https://www.nvd.uscourts.gov/wp-content/uploads/2021/03/Order-Extending-GO-2020-05.pdf, Director Daniels has authorized counsel to affix his electronic signature to this Declaration. Should counsel have misconstrued these Temporary Orders in any way, or if the Court wishes to have a hand-signed copy of this Declaration, one will be provided to the Court upon request.