RENE L. VALLADARES
Federal Public Defender
Nevada Bar No. 11479
DAVID ANTHONY
Assistant Federal Public Defender
Nevada Bar No. 7978
David_Anthony@fd.org
BRAD D. LEVENSON
Assistant Federal Public Defender
California Bar No. 166073
Brad_Levenson@fd.org
TIMOTHY R. PAYNE
Assistant Federal Public Defender
Ohio Bar No. 0069329
Tim_Payne@fd.org
411 E. Bonneville, Ste. 250
Las Vegas, Nevada 89101
(702) 388-6577
(702) 388-5819 (Fax)

Attorneys for Zane M. Floyd

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ZANE M. FLOYD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CHARLES DANIELS, Director, Nevada Department of Corrections; HAROLD WICKHAM, NDOC Deputy Director of Operations, JOHN BORROWMAN, NDOC Deputy Director of Support Services; WILLIAM GITTERE, Warden, Ely State Prison; WILLIAM REUBART, Associate Warden at Ely State Prison; DAVID DRUMMOND, Associate Warden at Ely State Prison; IHSAN AZZAM, Chief Medical Officer of the State of Nevada; | Case No. 3:21-cv-00176-RFB-CLB<br><br>**RESPONSE TO NDOC'S NOTICE OF PROFFER AS PERMITTED BY COURT ORDER (ECF NO. 119)**<br><br>**(DEATH PENALTY CASE)**<br><br>**EXECUTION WARRANT SOUGHT BY THE STATE FOR THE WEEK OF JULY 26, 2021** |

DR. MICHAEL MINEV, NDOC Director of Medical Care, DR. DAVID GREEN, NDOC Director of Mental Health Care, LINDA FOX, NDOC Director of Pharmacy; JOHN DOES I-XV, NDOC execution team members,

Defendants.

On July 1, 2021, this Court issued a minute order permitting Floyd to file a response to NDOC's Defendants' most recent filings and their supplemental argument in their Notice of Proffer. ECF No. 119. In the Notice of Proffer, filed on June 30, 2021, NDOC argued, for the first time, "that the NDOC Defendants will suffer actual prejudice under a three-to-four month preliminary injunction and/or stay as NDOC will be deprived of a known drug for use in lethal injection." ECF No. 112 at 2. NDOC does not argue that it will not be able to effectuate Floyd's execution, just that "NDOC can no longer obtain potassium chloride through the ordinary means by which NDOC purchases medications." *Id.* NDOC does not cite authority that the loss of *any* potential lethal injection drugs constitutes actual prejudice when the execution can still proceed, and there is none.

The mere fact that drugs purchased by NDOC expire is not by any means a basis for a finding of actual prejudice, particularly here where the drug in question was not purchased in connection with the instant protocol. To the contrary, Linda Fox's drug chart shows the potassium chloride was purchased on July 5, 2019, ECF No. 118 at 2, before Daniels even became the Director of NDOC. ECF No. 113 at 16. More specifically, Daniels testified he included potassium acetate in the current execution protocol precisely because he anticipated the expiration of the potassium chloride. *Id.* As Daniels testified at the hearing, "I did not want to include a particular drug that we would run out of that we had previously purchased. So I sought to have an alternative for two of those drugs, and so that's why we have the different versions." *Id.*; *see id.* at 43-44. Therefore, even if the potassium chloride

1  expires, NDOC's protocol remains the same and there is no question it has ample

2  potassium acetate to perform an execution.[1]

3  It is also important to note that it was counsel for NDOC that specifically

4  elicited testimony from Daniels that there were no other differences between

5  potassium chloride and potassium acetate other than that the former expired before

6  the latter. ECF No. 113 at 53. And Daniels testified he would not make the final

7  decision with respect to the two drugs until seven days before the execution and

8  that his decision at the time would be based on availability of drugs. *Id.* at 19.

9  Finally, Daniels testified he had not yet had a discussion with Fox about additional

10 drug purchases in the future, *id.* at 52, which means potassium acetate and

11 potentially potassium chloride could be available later.

12 Floyd's procedural due process right to meaningfully litigate NDOC's novel

13 and untested execution protocol to vindicate his intertwined Eighth Amendment

14 right to be free from cruel and unusual punishments outweighs the speculative

15 harm cited by NDOC. As the Ninth Circuit has noted, "[t]he fundamental

16 requirement of due process is the opportunity to be heard at a meaningful time and

17 in a meaningful manner." *S.E.C. v. McCarthy*, 322 F.3d 659 (9th Cir. 2003) (quoting

18 *Matthews v. Eldridge*, 424 U.S. 319, 333 (1976)).[2] Floyd's weighty interest in this

---

[1] Fox's drug chart shows NDOC has 100mEq of potassium acetate on hand, ECF No. 118 at 2, whereas the execution protocol only calls for two syringes consisting of 2mEq/ml of potassium acetate in each.

[2] "It is manifest that the requirement of notice would be of no value whatever, unless such notice were reasonable and adequate for the purpose." *Roller v. Holly*, 176 U.S. 398, 409 (1900) (citing *Davidson v. New Orleans*, 96 U. S. 97 (1877), and *Hagar v. Reclamation Dist. No. 108*, 111 U. S. 701–712 (1884)).

regard would outweigh NDOC's interests even if it meant that all its lethal injection drugs would expire and make the execution impossible.

The very situation described above was presented to the California Supreme Court in *CDCR v. Superior Court, Marin County*, No. S186751. Ex. 24. In *CDCR*, the California Attorney General's Office argued the court should alter its appellate rules because its lethal injection drugs would expire making the condemned inmates' executions impossible. *Id.* at 2-3. However, the court rejected the corrections department's argument that the petitioners should be deprived of their opportunity to litigate their claims as provided under the court's rules. *Id.* at 3. As noted by the court,

> No compelling reason appears why this court should, by extraordinary means, remove an obstacle to Brown's execution by denying litigant Sims his full normal time to petition for review in this court, or by cutting short its own jurisdictional time to grant or order review in *Morales II*. By choosing an execution date for Brown of September 29, 2010, with presumptive knowledge that it faced the imminent loss of an essential ingredient to the execution on October 1, 2010, the state has itself contributed to the circumstances incompatible with orderly resolution, pursuant to normal procedures, of pending legal issues in connection with executions under the new regulations.

*Id.* at 3. The court therefore denied the department of correction's request for relief.

For the same reasons, this Court must conclude the balancing of the equities weighs heavily in favor of Floyd. It was NDOC that needed the time to finalize the protocol and it was the State that set the current execution date. On the other hand, NDOC will not face a situation where it cannot conduct the execution and it won't even need to change its current execution protocol if the execution were to occur the week of October 18, 2021. In such circumstances, Floyd is entitled to a stay of

execution/injunction so that he can meaningfully litigate NDOC's novel and experimental execution protocol.

DATED this 1st day of July, 2021.

Respectfully submitted<br>
RENE L. VALLADARES<br>
Federal Public Defender<br>
<br>
<i>/s/ David Anthony</i><br>
DAVID ANTHONY<br>
Assistant Federal Public Defender<br>
<br>
<i>/s/ Brad D. Levenson</i><br>
BRAD D. LEVENSON<br>
Assistant Federal Public Defender<br>
<br>
<i>/s/ Timothy R. Payne</i><br>
TIMOTHY R. PAYNE<br>
Assistant Federal Public Defender

4

# CERTIFICATE OF SERVICE

In accordance with LR IC 4-1(b) of the Local Rules of Practice, the undersigned hereby certifies that on the 1st day of July, 2021, a true and correct copy of the foregoing RESPONSE TO NDOC'S NOTICE OF PROFFER AS PERMITTED BY COURT ORDER (ECF NO. 119) was filed electronically with the CM/ECF electronic filing system:

D. Randall Gilmer
Chief Deputy Attorney General
drgilmer@ag.nv.gov
Crane Pomerantz, Esq.
Nadia Ahmed, Esq.
cpomerantz@sklar-law.com
nahmed@sklar-law.com

                                                */s/ Sara Jelinek*
                                                An Employee of the Federal Public
                                                Defenders Office, District of Nevada