RENE L. VALLADARES
Federal Public Defender
Nevada Bar No. 11479
DAVID ANTHONY
Assistant Federal Public Defender
Nevada Bar No. 7978
David_Anthony@fd.org
BRAD D. LEVENSON
Assistant Federal Public Defender
California Bar No. 166073
Brad_Levenson@fd.org

Attorneys for Plaintiff Zane M. Floyd

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| ZANE M. FLOYD,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CHARLES DANIELS, Director, Nevada Department of Corrections, et al.,<br><br>　　　　　　Defendants. | Case No. 3:21-cvv-00176-RFB-CLB<br><br>**MOTION TO COMPEL COMPLIANCE WITH REQUESTS FOR PRODUCTION AS TO DEFENDANT ISHAN AZZAM**<br><br>(DEATH PENALTY CASE) |

TABLE OF CONTENTS

MEMORANDUM OF POINTS AND AUTHORITIES ................................................. 4

I.   INTRODUCTION ............................................................................................. 4

II.  LEGAL AUTHORITY ..................................................................................... 5

III. ARGUMENT ..................................................................................................... 6

    A.  The privileges claimed by Dr. Azzam should not prevent disclosure of the requested documents. ............................................................................................ 6

        1.  Dr. Azzam's assertion of the deliberative process privilege is unpersuasive. ................................................................................................. 7

            a)  The Defendants have waived the privilege ................................................. 7

            b)  Floyd's need for disclosure outweighs any state interest in nondisclosure. ........................................................................................... 11

        2.  Neither the work product doctrine nor the attorney-client privilege shield Dr. Azzam from disclosure of requested documents and providing testimony on the same. .............................................................................. 14

    B.  Dr. Azzam's conclusory statements concerning relevance are insufficient to justify nondisclosure. ......................................................................................... 17

IV.  CONCLUSION ................................................................................................ 18

Plaintiff Zane Michael Floyd hereby moves, pursuant to Fed. R. Civ. P. 37(a), for an order compelling defendant Ihsan Azzam, Chief Medical Officer of the State of Nevada, to comply with his requests for production, to provide testimony, and permit full disclosure of the requested documents, which is necessary for a full and fair development of the material facts in this capital case. This motion is based upon the attached memorandum of points and authorities and exhibits, the FRCP 37(a)(1) certification of counsel, and upon the entire file in this matter.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Zane Floyd is currently challenging Nevada's execution protocol, arguing that any executions carried out under the protocol will constitute cruel and unusual punishment and violate his right to due process. As part of Floyd's claim, he challenges the drugs used in the execution as creating a substantial and unnecessary risk of causing unconstitutional pain and suffering. Under state law, the Director of the Nevada Department of Corrections (NDOC) purportedly chose the drugs to be used in the execution only after consultation with Dr. Azzam, the Chief Medical Officer for the state. NRS 176.355(2)(b).

On May 2, 2021, counsel for Floyd and Defendants held an initial discovery conference as required by Rule 26(f). On May 14, 2021, Defendant Azzam filed a privilege log, wherein he asserted the deliberative process privilege, and the attorney-client privilege, for twelve documents. ECF No. 65 (Dr. Azzam's privilege log, filed as Exhibit A filed under seal).[1] Thereafter, the parties continued to meet and confer regarding discovery and on June 3, 2021, entered into a stipulated protective order and confidentiality agreement for all sensitive documents obtained through discovery. ECF No. 87.

On June 23, 2021, the parties filed a proposed discovery schedule with this

---

[1] Mr. Floyd asserts on information and belief that at least some of the documents consist of Dr. Azzam's ultimate opinion of NDOC's 2018 midazolam protocol, a protocol potentially consisting of ketamine under consideration by the former NDOC Director James Dzurenda, and Dr. Azzam's ultimate opinion to Director Daniels with respect to the instant execution protocol. In particular, entry Nos. 1, 3-6, 10, and 12 may contain Dr. Azzam's ultimate opinion on the three protocols.

4

Court. Pursuant to that schedule, Floyd submitted his requests for production to Defendant Azzam under Fed. R. Civ. P. 34, on June 30, 2021. Counsel for Defendant Azzam returned their responses, including blanket objections to all of Floyd's RFPs, on July 9, 2021. The parties met and conferred in an attempt to resolve the disputed RFPs on July 20, 2021, but they could not come to an agreement. Attachment 1. David Anthony and Brad Levenson participated for Mr. Floyd; and Crane Pomerantz participated for Defendant Azzam.

This motion follows.

## II.  LEGAL AUTHORITY

The Federal Rules of Civil Procedure were meant to establish a system in which discovery is self-executing. *Shuffle Master Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996) (discussing the purpose of the certification requirements of Fed. R. Civ. P. 37(a)(1)); *see also* Local Rule 26-6(c) (requiring consultation between counsel before moving for motion to compel).

But, if attempts to obtain discovery become futile, the Federal Rules of Civil Procedure permit a party to "move for an order compelling disclosure or discovery" as long as that party attaches "a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). For purposes of the federal rules, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose or respond." *Id.*

As established in the declaration provided by counsel for Floyd, good faith efforts, although unsuccessful, have been made to confer with counsel for counsel for

Dr. Azzam in an effort to resolve this matter without court action. Now Floyd seeks judicial intervention to resolve the disputes.

### III.   ARGUMENT

Dr. Azzam objected to twelve of Floyd's requests for production based on the deliberative process privilege, work product doctrine, and attorney client privilege.[2] He objected to an additional four requests based on relevance. None of the asserted objections are valid. As a result, Plaintiff requests that the Court order Dr. Azzam to produce the documents in dispute and to provide testimony concerning the same.

> **A.   The privileges claimed by Dr. Azzam should not prevent disclosure of the requested documents.**

In response to requests two through thirteen, Dr Azzam repeats the identical objection, that the requests "seek[] information protected from disclosure under the deliberative process privilege, work product doctrine and/or the attorney-client privilege."[3] As an initial note, this blanket assertion of privilege is improper: "any privilege objection should be specific with respect to documents or other communications." *In re Imperial Corp. of Am.*, 174 F.R.D. 475, 477 (S.D. Cal. 1997). However, Floyd also acknowledges that counsel for Dr. Azzam previously provided a privilege log that connects the assertions of privilege to particular documents withheld, and this motion is limited to those documents and any testimony concerning those documents by Dr. Azzam. In any event, any assertion of privilege

---

[2] *See* Ex. 26. While Dr. Azzam's response to the RFPs mentions the work product privilege, the privilege log previously provided by counsel does not assert work product protection as to any of the documents identified in the privilege log.
[3] Ex.26.

should not shield the documents requested from disclosure.

### 1. Dr. Azzam's assertion of the deliberative process privilege is unpersuasive.

The deliberative process privilege "permits the government to withhold documents that reflect advisory opinions, recommendations and deliberations comprising part of a process by which government decisions and policies are formulated." *FTC v. Warner Communications*, 742 F.2d 1156, 1161 (9th Cir. 1984) (citing *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 150–51 (1975)). To invoke the privilege the government must demonstrate that a document is "both pre-decisional and deliberative."[4]

However, the deliberative process privilege is not absolute, and the existence of recognized exceptions will warrant disclosure. *In re McKesson Governmental Entities Average Wholesale Price Litig.*, 264 F.R.D. 595, 601 (N.D. Cal 2009). For example, a party may waive the privilege either by failing to properly or timely assert the privilege, or by voluntarily producing privileged documents. *McKesson*, 264 F.R.D. at 599. Additionally, the privilege may be overcome if a litigant's "need for the materials and the need for accurate fact-finding override the government's interest in non-disclosure." *Warner*, 742 F.2d at 1161.

### a) The Defendants have waived the privilege

Dr. Azzam waived the deliberative process privilege for documents 1, 10, and

---

[4] "A document may be considered predecisional if it was 'prepared in order to assist an agency decisionmaker in arriving at his decision.'" *Assembly of California v. United States Department of Commerce*, 968 F.2d 916, 921 (9th Cir. 1992). And a deliberative document details the "mental processes of decision-makers." *Carter v. U.S. Dept. of Commerce*, 307 F.3d 1084, 1090 (9th Cir. 2002).

7

12 in his privilege log, by failing to object and assert the privilege when NDOC disclosed documents detailing Dr. Azzam's ultimate opinion on the 2018 Midazolam protocol in its production log. *See* Ex. 27. Neither Dr. Azzam nor NDOC have designated that document as privileged or confidential under the protective order. ECF No. 87 at 3. As a result, Dr. Azzam waived the privilege for issues related to the selection and use of midazolam in NDOC's 2018 execution protocol. And Dr. Azzam and NDOC Defendants may not selectively disclose Azzam's ultimate opinion with respect to the midazolam protocol without providing disclosure of his ultimate opinions of the instant execution protocol. *Cf.* FRE 106. Otherwise, Defendants would be allowed to garble the truth by creating an inference that if Dr. Azzam approved of the midazolam protocol he must have also necessarily have approved of the current protocol. Dr. Azzam's ultimate opinion regarding the current protocol is relevant information, particularly given that he may have recommended against the protocol to the former NDOC Director, who declined to proceed with the execution of Scott Dozier, whereas Director Daniels may have gone against Dr. Azzam's recommendation.

Though the Ninth Circuit has not adopted a formal test to determine whether a party has inadvertently waived the deliberative process privilege, many courts in this Circuit have considered: "(1) the reasonableness of the precautions to prevent inadvertent disclosure; (2) the time taken to rectify the error; (3) the scope of discovery; (4) the extent of the disclosure; and (5) the 'overriding issue of fairness.'" *McKesson*, 264 F.R.D. at 599 *(quoting Eureka Financial Corp. v. Hartford Accident and Indemnity Co.*, 136 F.R.D. 179, 184 (E.D.Cal.1991)). Other courts apply the

more general waiver standard described in *Burlington Northern & Santa Fe Ry. v. United States*, 408 F.3d 1142 (9th Cir. 2005), which focuses mainly on timely assertion after inadvertent disclosure. Here, both the *Burlington* and *McKesson* frameworks support a finding of waiver.

Each of the *McKesson* factors supports finding waiver. Dr. Azzam was required to designate a document as protected within three days of disclosure as required by the protective order. ECF No. 87 at 3. Counsel for Dr. Azzam was given ample opportunities to object to any improper disclosure by NDOC in its production log. However, it is the ultimate responsibility of Defendants, not Plaintiffs, to assert privileges, and correct unintended disclosures, to avoid waiver or forfeiture of a privilege objection.

Dr. Azzam's untimeliness in rectifying this disclosure also supports a finding of forfeiture and waiver. Over sixty days have passed since NDOC provided its production log, which means Dr. Azzam has had two months to assert the deliberative process privilege for these documents, and he has failed to do so. Moreover, only one week remains under FRCP 34(b)(2)(A) for Dr. Azzam to provide all discovery sought by Floyd's RFPs. As a result, notions of fairness further necessitate that this Court find Dr. Azzam waived any privilege for these documents as well as any testimony concerning these matters *See Eureka*, 136 F.R.D. at 184-85 (concluding that fairness dictated waiver of privileged communications considering the parties failure to assert the privilege and "the stringent time constraint affecting th[e] discovery.").

Lastly, the extent of the disclosure here supports waiver. Where discovery is

sizable, thus making inadvertent waiver more excusable, privileged documents are typically not waived. *See e.g.*, *compare Lazar v. Mauney*, 192 F.R.D. 324, 330 (N.D. GA 2000) (refusing to find waiver where among 1,000 documents three privileged documents were disclosed), *with Local 851 of Int'l Bhd. of Teamsters v. Kuehne & Napel Air Freight*, Inc., 36 F.Supp.2d 127, 133 (E.D.N.Y. 1998) (finding a waiver of privilege after a single privileged document was included as an exhibit with six nonprivileged documents). Here, discovery has been on a relatively small scale with respect to Dr. Azzam, making his failure to assert the privilege unreasonable.

Moreover, the small number of documents currently at issue in this case further supports a finding of waiver under *Burlington*. When assessing whether an asserted privilege is timely and therefore reasonable, the "magnitude of the document production" is considered. *Burlington*, 408 F.3d at 1149. Here, the discovery concerning Dr. Azzam is neither voluminous nor complex. *Contra Coalition for a Sustainable Delta v. Koch*, No. 1:08-CV-00397, 2009 WL 3378974, at *5 (E.D. Cal. Oct. 15, 2009) (finding defendant's delayed assertion of privilege timely and asserted "as soon as reasonably practicable" where 83,000 documents were produced, and 4,200 emails were reviewed). Dr. Azzam only noted twelve documents on his privilege log. Similarly, NDOC only identified twenty documents on its privilege log and fifteen on its production log. In sum, given the small universe of documents Dr. Azzam's failure to designate the document disclosed by NDOC as privileged supports a finding of forfeiture and waiver of any privilege objection that it could have raised to prevent disclosure.

### b) Floyd's need for disclosure outweighs any state interest in nondisclosure.

Even if waiver does not support disclosure, disclosure is still warranted as the deliberative process privilege is not absolute. Disclosure is warranted, despite the privilege, when the requesting party's need outweighs the government's interest in nondisclosure. *Warner*, 742 F.2d at 1161. To make that weighing determination, courts consider: "1) the relevance of the evidence; 2) the availability of other evidence; 3) the government's role in the litigation; and 4) the extent to which disclosure would hinder frank and independent discussion regarding contemplated policies and decisions." *Id.* Each of these factors weighs in favor of disclosure.

Starting with relevance, the documents sought in requests two through thirteen of Floyd's RFPs are undoubtedly relevant to this litigation. Floyd is challenging the constitutionality of NDOC's execution protocol, including the lethal drugs to be used, dosages, and sequence. Dr. Azzam may have directly contributed to establishing the protocol by consulting with Director about the combination of drugs to be used in Floyd's execution. Because of this, Dr. Azzam's communications, opinions, and thoughts concerning the lethal drugs are extremely relevant and directly at issue. Indeed, in cases such as this where the government's decision-making process is under scrutiny, discovery of otherwise privileged evidence is necessary. *See United States v. Irvin*, 127 F.R.D. 169, 174 (C.D. Cal. 1989) (denying a claim of deliberative process privilege where the government's process was essential to the litigation); *see also Greenpeace v. Nat'l Marine Fisheries Serv.*, 198 F.R.D. 540, 544 (W.D. Wash. 2000) (holding that "the [deliberative process] privilege

may be inapplicable where the agency's decision-making process is itself at issue.").

Turning to the second *Warner* factor, disclosure is warranted as the evidence Floyd seeks is not available elsewhere. The existence of other available evidence "is perhaps the most important factor in determining whether the deliberative process privilege should be overcome." *N. Pacifica, LLC v. City of Pacifica*, 274 F. Supp. 2d 1118, 1124 (N.D. Cal. 2003). Here, because requests two through thirteen demand all of Dr. Azzam's communications, research, and efforts exercised in consulting with the Director regarding NDOC's execution protocol, the documents are necessarily isolated to a single source, Dr. Azzam, and not available through any nonparty. As a result, absent this Court's order requiring disclosure, Floyd has no opportunity to obtain the documents and testimony essential to his litigation. *See e.g., Warner*, 742 F.2d at 1161-62 (finding this factor did not support disclosure where defendants were able to independently obtain the requested information).

Furthermore, like the first and second *Warner* factors, the third factor also weighs in favor of production. It is well recognized that "[t]he fact that a government entity's action is the focal point of litigation weighs against upholding the deliberative process privilege." *Thomas v. Cate*, 715 F. Supp. 2d 1012, 1028 (E.D. Cal. 2010). Here, Floyd's lawsuit directly implicates a government entity— NDOC and Dr. Azzam in his official capacity, and specific departments and department heads within the government. Because Dr. Azzam is an employee of the State of Nevada, and the alleged actions occurred in the course of his official duties as Chief Medical Officer of the State of Nevada, the government has a distinct role in this litigation and thus disclosure of the requested documents is warranted.

Finally, the last *Warner* factor contemplates the result of disclosure, and whether that exposure will have a "chilling effect." *Desert Survivors v. U.S. Dep't of the Interior*, 231 F. Supp. 3d 368, 385 (N.D. Cal. 2017); *see also Thomas*, 715 F. Supp. 2d at 1028 (describing the "chilling effect" as impeding government official's "willingness to freely explore possibilities or engage in internal debates"). Here, the existence of a protective order eliminates any potential "chilling effect." *See United States v. W.R. Grace*, 455 F. Supp. 2d 1140, 1144–45 (D. Mont. 2006) (ordering disclosure of documents previously withheld under the deliberative process privilege because subsequent protective order adequately protected government's interests).

In *W.R. Grace*, defendants filed a motion to compel discovery of documents the government had refused to disclose based upon the deliberative process privilege. Because there was a protective order in place which limited dissemination of any "sensitive" document, the court granted the motion concluding that "the protective order guarantees that designated documents will not be broadly disseminated, which should serve to allay agency fears that the public will gain access to their decision making processes, which is "the primary 'evil' the privilege is designed to prevent." *Id.* at 1144. Like the plaintiffs in *W.R. Grace*, Dr. Azzam should not be allowed to withhold documents under the protection of the deliberative process when the Court's June 3, 2021 protective order provides the same safeguards by shielding sensitive documents and testimony from public disclosure. The protective order ensures that all communications related to Dr. Azzam's consultation with respect to the selection of execution drugs, participation in developing the protocol, and discussions concerning that protocol between

government officials remain confidential, as only Floyd's legal team will have access to their contents.

Considering that Dr. Azzam's interest in keeping his deliberative process shielded has been addressed by the protective order, this factor, along with the other *Warner* factors, demonstrate that Floyd's need outweighs the government's concerns.

### 2. Neither the work product doctrine nor the attorney-client privilege shield Dr. Azzam from disclosure of requested documents and providing testimony on the same.

Dr. Azzam also claims that requests two through thirteen are protected by the "work product doctrine and/or the attorney-client privilege." He fails, however, to provide any support whatsoever for these objections. As explained above, the actual privilege log does not assert the work product privilege over the specific documents so any assertion now of work product protection (in a blanket and non-specific fashion in Dr. Azzam's response to the RFPs) is untimely and therefore waived. *E.g., Breed v. United States Dist. Ct.*, 542 F.2d 1114, 1115 (9th Cir. 1976).

A party claiming either attorney-client privilege or work product protection must make several showings to justify nondisclosure. A government official claiming attorney-client privilege must establish that each privileged document resulted in: "(1) a communication between client and counsel, which (2) was intended to be and was in fact kept confidential, and (3) made for the purpose of obtaining or providing legal advice." *Fisher v. United States*, 425 U.S. 391, 403 (1976); *see also Thomas*, 715 F. Supp. 2d at 1045. The privilege "protects only those disclosures necessary to obtain informed legal advice which might not have been

made absent the privilege," it does not safeguard communications merely because an attorney was present. *Fisher*, 425 U.S. at 403.

Similarly, the work product doctrine shields "materials prepared by [or for] an attorney in anticipation of litigation." *United States v. Bergonzi*, 216 F.R.D. 487, 494 (N.D. Cal. 2003) (citations omitted). To fall under the work product doctrine, documents must: "(1) be prepared in anticipation of litigation or for trial and (2) be prepared by or for another party or by or for that other party's representative." *United States v. Richey*, 632 F.3d 559, 567 (9th Cir. 2011) (citation and quotation marks omitted). In both instances, the party asserting the privilege is responsible for establishing that it applies. *Id.* at 566.

Dr. Azzam failed to satisfy either burden for requests two through thirteen. None of the requests ask for legal documents or documents which could be construed as communications between Dr. Azzam and his counsel. Each request focuses solely on gaining information related to the selection of execution drugs, Dr. Azzam's statutorily mandated participation in developing the protocol, and discussions concerning that protocol between government officials, not Dr. Azzam and his attorneys. For example, Dr. Azzam asserted attorney-client privilege in response to request number 10, which seeks, among other things, documents concerning research, studies, and literature reviewed. Likewise, request number 4 asks for documents detailing Dr. Azzam's recommendations to NDOC regarding the current execution protocol. This request is clearly not seeking any legal advice and Dr. Azzam fails to demonstrate otherwise. And the privilege log similarly fails to justify assertion of the privilege here, as it includes imprecise and general

descriptions of documents that are characterized as attorney-client communications but were not made between an attorney and Dr. Azzam.

Finally, third parties were included in some of these communications (document nos. 1 and 2), another factor which would waive the privilege and compel disclosure of the privileged documents. *See In re Pac. Pictures Corp.*, 679 F.3d 1121, 1127-28 (9th Cir. 2012) ([V]oluntarily disclosing privileged documents to third parties will generally destroy the [attorney-client] privilege.").

Similar reasons undermine Dr. Azzam's assertion of the work product privilege. None of the RFPs request any information or documents that were created in anticipation of litigation. And, although Dr. Azzam objected to RFPs 2 through 13 partly based on the work product doctrine, he failed to invoke that privilege for any documents in his privilege log. *See* ECF No. 65 (under seal). To the extent that this Court finds the work product doctrine properly asserted, Dr. Azzam still fails to show that the documents noted in the privilege log were "prepared in anticipation of litigation." Documents 9 and 11 are the only ones that even mention "litigation.". Moreover, based on Dr. Azzam's own description the majority of the items identified in the privilege log were not "prepared in anticipation of litigation," rather, the communications took place due to Dr. Azzam's statutory duty to consult with the Director regarding drug combination to be used in Nevada's execution protocol.

Accordingly, Dr. Azzam cannot invoke the attorney-client privilege or the work product doctrine to justify nondisclosure. Alternatively, to the extent any information is subject to the attorney client privilege, the privileged portions should

be segregated from the non-privileged portions and the remainder should be disclosed.

### B. Dr. Azzam's conclusory statements concerning relevance are insufficient to justify nondisclosure.

Dr. Azzam objected to four of Floyd's requests for production on relevancy grounds, numbers two, six, seven, and eleven.[5] For each of the requests, Dr. Azzam's objection consisted of a single conclusory statement: "Dr. Azzam also objects to the request to the extent that it seeks information that is not relevant and not reasonably likely to lead to relevant and admissible evidence." Ex. 26. This is not a proper objection. "The party resisting discovery must specifically detail the reasons why each request is irrelevant or otherwise objectionable, and may not rely on boilerplate, generalized, conclusory, or speculative arguments." *Big City Dynasty v. FP Holdings, L.P.*, 336 F.R.D. 507, 510 (D. Nev. 2020); *see V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 297, 301 (D. Nev. 2019). And because these requests seek information directly related to the selection of execution drugs, Dr. Azzam's ultimate opinion with respect to the combination of drugs is obviously relevant. *See* Fed. R. Civ. P. 26(b)(1) (allowing "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case"). The prospect that the Director intends to go forward with an execution protocol that is not supported by the only medical official to whom he is statutorily required to consult is relevant information that Floyd is entitled to know and to

---

[5] Dr. Azzam added that he had no responsive documents for request numbers six and seven. Floyd nonetheless addresses those requests here, in case additional documents are discovered in the future.

17

elicit testimony from Dr. Azzam regarding the same.

## IV. CONCLUSION

Based on the foregoing, Floyd respectfully requests that this Court grant his Motion to Compel and order Dr. Azzam to comply with his requests for production and to provide testimony on these subjects. Disclosure of the documents requested in request numbers 2 through 13 is warranted as Floyd's need for the information outweighs the government's interest in keeping its deliberative process secret and NDOC and Dr. Azzam have already waived disclosure with respect to all issues relating to Dr. Azzam's ultimate opinion of the protocols. Moreover, Dr. Azzam has not satisfied his burden, under the attorney client privilege, to avoid disclosure of documents. Finally, Dr. Azzam has failed to demonstrate that requests two, six, seven, and eleven are irrelevant to support his failure to disclose them.

Dated this 23rd day of July, 2021.

Respectfully submitted,

Rene L. Valladares
Federal Public Defender

/s/ David Anthony
DAVID ANTHONY
Assistant Federal Public Defender

/s/ Brad D. Levenson
BRAD D. LEVENSON
Assistant Federal Public Defender

**CERTIFICATE OF SERVICE**

In accordance with the LR IC 4-1(a) of the Local Rules of Practice, the undersigned hereby certifies that on this 23rd day of July, 2021, a true and correct copy of the foregoing MOTION TO COMPEL COMPLIANCE WITH REQUESTS FOR PRODUCTION AS TO DEFENDANT ISHAN AZZAM, was filed electronically with the United States District Court. Electronic service of the foregoing document shall be made in accordance with the master service list as follows:

D. Randall Gilmer
Chief Deputy Attorney General
Office of the Nevada Attorney General
drgilmer@ag.nv.gov
Crane Pomerantz, Esq.
Nadia Ahmed, Esq.
SKLAR WILLIAMS PLLC
cpomerantz@sklar-law.com
nahmed@sklar-law.com

                                    */s/ Sara Jelinek*
                                    An Employee of the Federal Public
                                    Defenders Office, District of Nevada