# EXHIBIT 26

# EXHIBIT 26

Crane Pomerantz, Esq.
Nevada Bar No.: 14103
Nadia Ahmed, Esq.
Nevada Bar No.: 15489
SKLAR WILLIAMS PLLC
410 South Rampart Boulevard, Suite 350
Las Vegas, Nevada 89145
Telephone: (702) 360-6000
Facsimile: (702) 360-0000
Email: cpomerantz@sklar-law.com
       nahmed@sklar-law.com

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| ZANE M. FLOYD,<br><br>Plaintiff,<br><br>vs.<br><br>CHARLES DANIELS, DIRECTOR, NEVADA DEPARTMENT OF CORRECTIONS, ET. AL.,<br><br>Dr. Azzam. | Case No. 3:21-cv-00176-RFB-CLB<br><br>**DR. AZZAM IHSAN AZZAM'S RESPONSES TO PLAINTIFF ZANE M. FLOYD'S REQUEST FOR PRODUCTION**<br>**(Set One)** |

TO: Zane M. Floyd, Plaintiff and;

TO: Rene L. Valladares, Esq., Federal Public Defender, David Anthony, Esq., and Brad D. Levenson, Assistant Federal Public Defenders, his attorneys of record.

In accordance with FRCP 34, Dr. Ihsan Azzam ("Dr. Azzam"), by and through his attorneys, Crane M. Pomerantz, Esq., and Nadia Ahmed, Esq., of the law firm SKLAR WILLIAMS PLLC, hereby submits his responses to Plaintiff Zane M. Floyd's ("Plaintiff") Request for Production (Set One):

## GENERAL OBJECTIONS

The following General Objections apply to each of Plaintiffs Request for Production to Dr. Azzam:

1. Dr. Azzam objects to the extent that the requests seek privileged information, including, without limitation, information protected from disclosure by the attorney-client

privilege. Dr. Azzam further objects to the extent the requests seek disclosure of attorney work product including, without limitation, any information containing or reflecting the mental impressions, conclusions, opinions and/or legal theories of any attorney for Dr. Azzam. Nothing contained in these responses is intended to be or should be construed as a Waiver of the attorney-client privilege, the attorney work product immunity doctrine, or any other applicable law, rule, or privilege.

2. Dr. Azzam objects to the extent the requests purport or attempt to impose obligations upon Dr. Azzam beyond those contained in or contemplated by the Federal Rules of Civil Procedure and the District of Nevada Local Rules.

3. Dr. Azzam objects to the extent the requests seek information unrelated to and/or not within the possession, custody, or control of Dr. Azzam.

4. Dr. Azzam objects to the extent the requests are overly broad as to time and/or scope, and to the extent that they are unduly burdensome, harassing, cumulative, duplicative, or otherwise not reasonably calculated to lead to the discovery of admissible evidence.

5. Dr. Azzam objects to the extent the requests seek information that constitutes or contains personal or private information regarding third parties.

6. Discovery in the case is ongoing. Dr. Azzam specifically reserves the right to reasonably supplement and amend any and all of its responses to Plaintiffs First Set of Requests for Production in accordance with the Federal Rules of Civil Procedure.

7. Dr. Azzam objects to the extent that the documents requested are not at this time reasonably calculated to lead to the discovery of admissible evidence. Dr. Azzam reserves the right as circumstances change to withdraw his objection and produce documents accordingly.

///

///

///

**REQUEST FOR PRODUCTION NO. 1:**

Any and all documents required to be disclosed under FRCP Rule 26(a)(1)(A).

**RESPONSE TO REQUEST NO. 1:**

Dr. Azzam objects to this Request on the grounds that it is premature and unduly burdensome. In light of the Court's Order staying the proceeding, the time for Rule 26(a)(1)(A) disclosures has not yet occurred. Dr. Azzam will comply with his duties to disclose information under Rule 26(a)(1)(A) on or before the duly set deadline.

Subject to this objection, Dr. Azzam notes that a privilege log has previously been provided to counsel of record and both the privilege log and documents corresponding thereto have been provided to the Court.

**REQUEST FOR PRODUCTION NO. 2:**

Any and all documents concerning the selection of a designee to perform the duty of consultation with NDOC Director Charles Daniels concerning the drug or combination of drugs to be used in the execution of Zane Floyd.

**RESPONSE TO REQUEST NO. 2:**

Dr. Azzam objects to this Request to the extent that it seeks information protected from disclosure under the deliberative process privilege, work product doctrine and/or the attorney-client privilege. Dr. Azzam also objects to the request to the extent that it seeks information that is not relevant and not reasonably likely to lead to relevant and admissible evidence.

Subject to this objection, Dr. Azzam notes that a privilege log has previously been provided to counsel of record and both the privilege log and documents corresponding thereto have been provided to the Court.

**REQUEST FOR PRODUCTION NO. 3:**

Any and all documents concerning the development, approval, and implementation of the execution protocol and any modifications from January 1, 2018 to the present.

///

///

**RESPONSE TO REQUEST NO. 3:**

Dr. Azzam objects to this Request to the extent that it seeks information protected from disclosure under the deliberative process privilege, work product doctrine and/or the attorney-client privilege.

Subject to this objection, Dr. Azzam has no responsive documents in his possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 4:**

Any and all documents relating to communications concerning possible or expected recommendations by NDOC or Dr. Azzam to the current execution protocol, including communications concerning possible or expected recommendations by NDOC or Dr. Azzam to the current execution protocol that were rejected, not accepted or otherwise did not become part of the current execution protocol.

**RESPONSE TO REQUEST NO. 4:**

Dr. Azzam objects to this Request to the extent that it seeks information protected from disclosure under the deliberative process privilege, work product doctrine and/or the attorney-client privilege.

Subject to this objection, Dr. Azzam has no responsive documents in his possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 5**

Any and all documents that evidence, relate, or refer to any communications with any person concerning the selection or availability of any of the drugs for the planned executions of Scott Dozier and Zane Floyd.

///

///

///

///

///

4

**RESPONSE TO REQUEST NO. 5:**

Dr. Azzam objects to this Request to the extent that it seeks information protected from disclosure under the deliberative process privilege, work product doctrine and/or the attorney-client privilege.

Subject to this objection, Dr. Azzam notes that a privilege log has previously been provided to counsel of record and both the privilege log and documents corresponding thereto have been provided to the Court.

**REQUEST FOR PRODUCTION NO. 6:**

Any and all documents that evidence, relate, or refer to any communications with any person concerning the use of compounded drugs in any execution procedure.

**RESPONSE TO REQUEST NO. 6:**

Dr. Azzam objects to this Request as vague and overbroad. Dr. Azzam further objects to the extent that it seeks information protected from disclosure under the deliberative process privilege, work product doctrine and/or the attorney-client privilege. Dr. Azzam also objects to the request to the extent that it seeks information that is not relevant and not reasonably likely to lead to relevant and admissible evidence.

Subject to this objection, Dr. Azzam has no responsive documents in his possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 7:**

Any and all documents that evidence, relate, or refer to any communications with any person concerning issues or problems with compounded lethal-injection drugs.

**RESPONSE TO REQUEST NO. 7:**

Dr. Azzam objects to this Request as vague and overbroad. Dr. Azzam further objects to the extent that it seeks information protected from disclosure under the deliberative process privilege, work product doctrine and/or the attorney-client privilege. Dr. Azzam also objects to the request to the extent that it seeks information that is not relevant and not reasonably likely to lead to relevant and admissible evidence.

Subject to this objection, Dr. Azzam has no responsive documents in his possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 8:**

Any and all documents that evidence, relate, or refer to any communications with any person about the use of chlorpromazine, fentanyl, alfentanil, ketamine, cisatracurium, potassium chloride, midazolam, and potassium acetate in any execution procedure.

**RESPONSE TO REQUEST NO. 8:**

Dr. Azzam objects to this Request to the extent that it seeks information protected from disclosure under the deliberative process privilege, work product doctrine and/or the attorney-client privilege.

Subject to this objection, Dr. Azzam has no responsive documents in his possession, custody, or control.  Dr. Azzam further notes that a privilege log has previously been provided to counsel of record and both the privilege log and documents corresponding thereto have been provided to the Court.

**REQUEST FOR PRODUCTION NO. 9:**

Any and all documents that evidence, relate, or refer to any communications with any person about the use of pentobarbital or other barbiturate drug in any execution procedure.

**RESPONSE TO REQUEST NO. 9:**

Dr. Azzam objects to this Request to the extent that it seeks information protected from disclosure under the deliberative process privilege, work product doctrine and/or the attorney-client privilege.

Subject to this objection, Dr. Azzam has no responsive documents in his possession, custody, or control.

///

///

///

///

**REQUEST FOR PRODUCTION NO. 10:**

Any and all documents (including communications) regarding the selection, consideration, or rejection of any actual or potential drug protocols including, but not limited to, all documents and communications regarding how and why each drug, drug combination, and dose was selected or rejected; the assessment of possible risks, side-effects, and complications; all communications with any experts or persons consulted, informing, or making the selection, consideration, or rejection of any actual or potential drug protocols; and all documents and communications regarding any research, studies, or literature informing the selection, consideration, or rejection of any actual or potential drug protocols.

**RESPONSE TO REQUEST NO. 10:**

Dr. Azzam objects to this Request as vague and overbroad. Dr. Azzam further objects to the extent that it seeks information protected from disclosure under the deliberative process privilege, work product doctrine and/or the attorney-client privilege.

Subject to this objection, Dr. Azzam has no responsive documents in his possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 11:**

Any and all documents concerning any communications with any other person in the Nevada Department of Health and Human Services regarding the execution of Zane Floyd.

**RESPONSE TO REQUEST NO. 11:**

Dr. Azzam objects to this Request to the extent that it seeks information protected from disclosure under the deliberative process privilege, work product doctrine and/or the attorney-client privilege. Dr. Azzam also objects to the request to the extent that it seeks information that is not relevant and not reasonably likely to lead to relevant and admissible evidence.

Subject to this objection, Dr. Azzam notes that a privilege log has previously been provided to counsel of record and both the privilege log and documents corresponding thereto have been provided to the Court.

///

**REQUEST FOR PRODUCTION NO. 12:**

Any and all documents relating to any and all consultations with NDOC Director Charles Daniels as required by NRS 176.355, including but not limited to information reviewed at any time in preparation for those consultations, information received from Director Daniels at any time before, during, or after those consultations, and information shared by you with Director Daniels at any time before, during, or after those consultations.

**RESPONSE TO REQUEST NO. 12:**

Dr. Azzam objects to this Request to the extent that it seeks information protected from disclosure under the deliberative process privilege, work product doctrine and/or the attorney-client privilege.

Subject to this objection, Dr. Azzam has no responsive documents in his possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 13:**

Any and all documents that evidence, relate, or refer to any communications with any person regarding issues, problems, concerns or risks associated with any aspect of the current or past Nevada execution protocols, including but not limited to necessary equipment, EKG monitoring, drug mixing, syringe preparation, IV line set-up, patency of IV lines/ catheters, drug administration, conducting of consciousness checks or assessment of plane of anesthesia, prison or medical personnel, the presence of an attending physician, staff selection, staff qualifications, staff training and instruction, possible needs regarding resuscitation of the condemned inmate, and execution practices or rehearsals.

///
///
///
///
///
///

8

**RESPONSE TO REQUEST NO. 13:**

Dr. Azzam objects to this Request to the extent that it seeks information protected from disclosure under the deliberative process privilege, work product doctrine and/or the attorney-client privilege.

Subject to this objection, Dr. Azzam has no responsive documents in his possession, custody, or control.

DATED this 9th day of July, 2021.

                                        **SKLAR WILLIAMS PLLC**

                                        By _____
                                            Crane Pomerantz, Esq.
                                            Nadia Ahmed, Esq.
                                            410 South Rampart Boulevard, Suite 350
                                            Las Vegas, Nevada 89145
                                            *Counsel for Dr. Ihsan Azzam*

## CERTIFICATE OF SERVICE

I hereby certify that I am an employee of SKLAR WILLIAMS PLLC., and that on this 9th day of July, 2021, I caused a true and correct copy of the foregoing **DR. IHSAN AZZAM'S RESPONSES TO PLAINTIFF ZANE M. FLOYD'S REQUEST FOR PRODUCTION (Set One)** to be served via electronic mail to all Counsel of Record in the case:

**Counsel for Plaintiff Floyd:**
David Anthony
David_Anthony@fd.org
Brad D. Levenson
Brad_Levenson@fd.org
Timothy E. Payne
Tim_Payne@fd.org

**Counsel for NDOC Defendants:**
Randall Gilmer
RGilmer@ag.nv.gov

/s/ Terri Scott
An employee of Sklar Williams PLLC

.