AARON D. FORD
  Attorney General
D. Randall Gilmer (Bar No. 14001)
  Chief Deputy Attorney General
Ian Carr (Bar No. 13840)
  Deputy Attorney General
State of Nevada
Office of the Attorney General
555 E. Washington Ave., Ste. 3900
Las Vegas, Nevada 89101
Telephone: (702) 486-3427
Facsimile:  (702) 486-3773
Email: DGilmer@ag.nv.gov
Email: ICarr@ag.nv.gov

*Attorneys for Defendants Daniels,
Wickham, Gittere, Reubart, Drummond,
Minev, Green, and Fox (NDOC Defendants)*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ZANE M. FLOYD,<br><br>  Plaintiff,<br><br>v.<br><br>CHARLES DANIELS, DIRECTOR, NEVADA DEPARTMENT OF CORRECTIONS, ET AL.,<br><br>  Defendants. | Case No. 3:21-cv-00176-RFB-CLB<br><br>**NDOC DEFENDANTS' MOTION TO STRIKE FUGITIVE DOCUMENTS FILED BY PLAINTIFF AT ECF Nos. 201, 202** |

Defendants Charles Daniels, Harold Wickham, William Gittere, William Reubart, David Drummond, Dr. Michael Minev, Dr. David Green, and Linda Fox (collectively, "NDOC Defendants"), by and through counsel, Aaron D. Ford, Attorney General for the State of Nevada, D. Randall Gilmer, Chief Deputy Attorney General, and Ian Carr, Deputy Attorney General, hereby request the Court, pursuant to LR IC 7-1 strike Plaintiff's *Memorandum regarding deliberative process privilege as applied to upcoming deposition of NDOC Director Charles Daniels on Monday, October 4, 2021* (ECF No. 201) ("Memo") and its supporting exhibits (ECF No. 202), because the documents do not constitute a valid

motion or request for relief. This Motion to Strike is based on the following Memorandum of Points and Authorities and all papers and pleadings on file in this action.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

On September 30, 2021, Plaintiff filed his Memo (ECF No. 201) describing what privilege objections he expects to encounter during the deposition of Director Daniels scheduled for Monday, October 4, 2021. Plaintiff fails to articulate his Memo as a motion, stipulation, or notice, or otherwise request any cognizable form of relief from the Court. *Id.* at 9–10 . Plaintiff gratuitously supplied two deposition transcripts under seal, in their entirety, as exhibits. ECF No. 202.

**II.   LEGAL STANDARD / ARGUMENT**

Rule 7 of the Federal Rules of Civil Procedure provides that a "request for a court order must be made by motion" and must: "(A) be in writing unless made during a hearing or trial; (B) state with particularity the grounds for seeking the order; and (C) state the relief sought." FED. R. CIV. P. 7(b). The Local Rules of Practice forbid "case-related correspondence," and further command that "[a]ll communications with the court *must be styled as a motion, stipulation, or notice*." LR IA 7-1(b) (emphasis added). This Court is empowered to strike any improperly filed document from its docket. LR IC 7-1; LR IA 7-1(b).[1]

The Could should strike Plaintiff's Memo because it violates the Local Rules of Practice by presenting a legal position as to the propriety of certain privilege objections without seeking any specific relief. As such, the Memo is unsanctioned "case-related

---

[1] *See also Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010) (holding that a district court has the inherent power to strike an improperly filed confidential document) (quoting *Atchison, Topeka & Santa Fe Ry. v. Hercules, Inc.*, 146 F.3d 1071, 1074 (9th Cir. 1998)); *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 586–87, 588 (9th Cir. 2008); *Hernandez v. City of El Monte*, 138 F.3d 393, 398 (9th Cir. 1998); *Adobe Sys. Inc. v. Christenson*, 891 F. Supp. 2d 1194, 1201 (D. Nev. 2012) (authority to strike unsanctioned documents is essential to the court's ability to enforce its orders, manage its docket, and regulate insubordinate conduct).

1 correspondence" under a plain reading of the Federal Rules of Civil Procedure and Local
2 Rules of Practice. The Memo sets forth legal arguments that are unripe and speculative as
3 to when Plaintiff anticipates encountering objections (and in response to what lines of
4 questioning), and it offers no context, no frame of reference, and no legal or factual basis
5 for the Court to rule upon any ripe evidentiary issues. Furthermore, the Memo requests
6 no known or cognizable form of relief from the Court. Therefore, the Memo constitutes case
7 correspondence, and is barred by the Local Rules of Practice. The Memo and its supporting
8 exhibits are fugitive documents filed in violation of the Local Rules of Practice and must be
9 stricken from the record.

10     To the extent the Court contemplates the nature of any objections that may arise
11 during the Monday, October 4, 2021 deposition of Director Daniels, NDOC Defendants have
12 maintained since this case's inception that the deliberative process privilege and
13 potentially other privileges apply to certain information Plaintiff has attempted to discover
14 in this case. *See e.g.*, ECF No. 40 at 28:1–5; ECF No. 49 at 11–12; ECF No. 76; ECF No. 96
15 at 36:16–23; ECF No. 113 at 5:21–25; ECF No. 143; ECF No. 174 at 50–51. NDOC
16 Defendants will assert and argue privilege issues at the proper time and in the proper
17 context when the issues actually materialize.
18 / / /
19 / / /
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

## III. CONCLUSION

Plaintiff's Memo attempts to argue against a privilege objection in a surreptitious, speculative, and unripe manner to poison further discourse as to its potential application. The Court should strike Plaintiff's Memo (ECF No. 201) and its exhibits (ECF No. 202) in observance of the Local Rules of Practice.  For these reasons and those set forth above, NDOC Defendants respectfully request the Court grant their Motion to Strike Fugitive Documents Filed by Plaintiff at ECF Nos. 201, 202.

Respectfully submitted on this 1st day of October, 2021, by:

AARON D. FORD
Attorney General

By: /s/ *D. Randall Gilmer*
D. Randall Gilmer (Bar No. 14001)
Chief Deputy Attorney General
Ian Carr (Bar No. 13840)
Deputy Attorney General
*Attorneys for NDOC Defendants*