AARON D. FORD
  Attorney General
D. Randall Gilmer (Bar No. 14001)
  Chief Deputy Attorney General
Ian Carr (Bar. 13840)
  Deputy Attorney General
State of Nevada
Office of the Attorney Generals
555 E. Washington Ave., Ste. 3900
Las Vegas, Nevada 89101
Telephone: (702) 486-3427
Facsimile:  (702) 486-3773
Email: DGilmer@ag.nv.gov

*Attorneys for Defendants Daniels,
Wickham, Gittere, Reubart, Drummond,
Minev, Green and Fox (NDOC Defendants)*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ZANE M. FLOYD,<br><br>            Plaintiff,<br><br>v.<br><br>CHARLES DANIELS, DIRECTOR, NEVADA DEPARTMENT OF CORRECTIONS, ET AL.,<br><br>            Defendants. | Case No. 3:21-cv-00176-RFB-CLB<br><br>**NDOC DEFENDANTS' NOTICE REGARDING MINIMUM REQUIREMENTS FOR ATTENDING PHYSICIAN AND EMERGENCY MEDICAL TECHINICIANS AS REQUESTED BY THIS COURT DURING THE NOVEMBER 5, 2021 HEARING** |

      Defendants Charles Daniels, Harold Wickham, William Gittere, William Reubart, David Drummond, Dr. Michael Minev, Dr. David Green, and Linda Fox (collectively, "NDOC Defendants"), by and through counsel, Aaron D. Ford, Attorney General for the State of Nevada, and D. Randall Gilmer, Chief Deputy Attorney General, and Ian Carr, Deputy Attorney General, hereby provide this Court with the following notice as it pertains to the minimum credentials of the attending physician and emergency medical technicians (EMTs), as requested by this Court on the record during the November 5, 2021 hearing, and ordering the notice be filed by November 9, 2021.

      Specifically, based on NDOC's counsel's recollection of the hearing request, this Court requested this notice to inform the Court as to whether it was bound to follow the

requirements set forth in the execution protocol for the selection of the attending physician and EMTs or whether it could also consider any additional qualifications or requirements Director Daniels may have testified to during this case. NDOC Defendants also recall the Court seeking clarification regarding certain timelines for selection of the medical personnel. This Notice will address both requests:

**A.      Attending Physician and EMT Requirements**

In response to the Court's inquiry, NDOC states that since Director Daniels has the ultimate authority to author, revise, or clarify the execution protocol as he believes is required (subject of course to constitutional requirements), any testimony Director Daniels previously provided, or that he may provide during the course of the evidentiary hearing regarding clarifications or requirements not explicitly set forth in the execution protocol, but that he testifies he will require as part of the protocol, may be considered implicit amendments and additions to the execution protocol.

To this end, and contrary to Plaintiff's counsel's statement on the record, Director Daniels testified that the attending physicians and EMTs would be required to be licensed and vetted by way of background checks.[1] He also confirmed that "NDOC has a procedure to check qualifications of medical staff . . . [w]hether it be the attending physician or the EMT or drug administrators"[2] and that the process includes ensuring that "those credentials are checked" and that the individuals are subject to "background checks."[3] Later in his deposition, Director Daniels testified that "it required that [NDOC] seek out a medical doctor in good standing."[4]

---

[1] ECF No. 216, Ex. 58 at 66:9-10 (filed under seal) ("[A]s part of that contractual obligation, we check licensure, backgrounds, things of that nature").

[2] *Id.* at 67:15-20.

[3] *Id.* at 68:2-6.

[4] *Id.* at 178:7-9.

Further, Director Daniels' clarified he would limit his discretion as to whether to continue with or stop the execution given circumstances that may occur during the procedure by testifying that absent "some extenuating circumstances [he could not even contemplate, he would] defer to what the doctor said," as the doctor would be "the credentials person."[5]

Finally, to the extent any further clarification is necessary regarding licensing and good standing, Director Daniels makes clear in this Notice that the attending physician and EMTs (who are required under state law to have cardiopulmonary resuscitation training and certification) be licensed professionals in good standing within the State of Nevada. The requirements for a Nevada medical license are set forth in Nevada Revised Statute (NRS) Chapter 630, and specifically, NRS 630.160 through NRS 630.266. *See also* NAC 630.050–630.180. Similarly, the requirements for EMT licensure within the state of Nevada are set forth in NRS Chapter 450B, and specifically, advanced EMT licensure (which NDOC will require), is governed by NRS 450B.191 *et seq*. *See also* NAC 450B.360. Both physicians and EMTs must undergo criminal background checks as part of the licensing procedure. NRS 630.167; NRS 450B.800.  As such, the Nevada Revised Statutes' requirements governing licensing and certification are, as a matter of law, specifically incorporated into the execution protocol.

Moreover, and as indicated above, Director Daniels reserves the right to extend or further clarify these requirements and certifications during his upcoming testimony in November and December, 2021, as any such testimony could be construed as a binding judicial admission amending the protocol.

To summarize the above stated implicit amendments, NDOC Defendants supplement the execution protocol as follows:

**1.    Attending Physician:** The protocol contemplates that an "Attending Physician or other properly trained and qualified medical professional will observe the

---

[5] *Id*. at 204:19–205:11.

Drug Administrators as they prepare the lethal drugs." EM 103.3(D). As identified throughout the protocol, the "Attending Physician or other properly trained and qualified medical professional" must (i) be a physician licensed in good standing to practice medicine in Nevada, and (ii) pass any background check or verification of professional credentials required by NDOC.

**2. EMTs:** The protocol contemplates that "[a]ll medical equipment will be checked for readiness and operational functionality by the [] Team with the assistance of a qualified contracted EMT." EM 104.3(A). As identified throughout the protocol, an EMT means an "advanced emergency medical technician," as defined in NRS 450B.025, who is "certified by the health officer as having satisfactorily completed a program of training for certification as an advanced emergency medical technician pursuant to NRS 450B.191." Additionally, the EMT must pass any background check or verification of professional credentials required by NDOC.

**B. Timeline for Selection and Training**

In response to the Court's request regarding timelines for selection of the attending physician and EMTs, NDOC Defendants note that the protocol contains the following timelines. NDOC Defendants note that some of these timelines may have previously been included in the confidential unredacted version provided only to the Court under seal, but following further discussions with NDOC, these timelines can be provided publicly.

**1. Attending Physician:** The protocol contemplates that the attending physician will be identified at least two weeks prior to any scheduled execution. This is set forth in EM 104.03(D).

**2. EMTs:** The protocol contemplates that "the designated NDOC staff member will establish a service contract" with the EMTs no "less than thirty (30) days prior to the execution." This is set forth in EM 104.03(A).

**3. Minimum Training:** The protocol also contemplates that from at least thirty (30) days prior to any scheduled execution, "training will be conducted on a continuous basis" and that the training will ensure "that all members of each execution

1  team will completely understand what is expected of them on the day of the execution."
2  This is set forth in EM 105.01(B)(1).
3      Respectfully submitted on this 9th day of November, 2021, by:

                                  AARON D. FORD
                                  Attorney General

                                By:    */s/ D. Randall Gilmer*
                                                D. Randall Gilmer (Bar No. 14001)
                                                Chief Deputy Attorney General
                                                *Attorneys for NDOC Defendants*