UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Sterling Atkins, Jr.,

           Plaintiff,

     v.

James Dzurenda, Director, Nevada
Department of Corrections, *et al.*,

          Defendants.

Case No. 3:21-CV-00176-RFB-CLB

**ORDER GRANTING ATKINS'
UNOPPOSED MOTION FOR
APPOINTMENT OF COUNSEL**

[ECF No. 370]

Plaintiff Sterling Atkins, Jr.  respectfully moves for appointment of counsel in this action.  On April 15, 2026, Clark County District Attorney Steve Wolfson announced that his office is planning on seeking an execution warrant for Mr. Atkins, and that the Nevada Department of Corrections "has multiple options for obtaining lethal injection drugs." (See ECF No. 365 Ex. 1). On April 24, 2026 Mr. Atkins moved for leave to intervene as a plaintiff  pursuant to Rule 24 of the Federal Rules of Civil Procedure. (ECF No. 365).   Mr. Atkins claims an interest in this litigation in that he is a person situated similarly to the plaintiffs, Zane Michael Floyd and Robert Ybarra, Jr., and may be subjected to the same defective execution procedures devised and implemented by the Defendants in violation of the Eighth and Fourteenth Amendments. In support of this motion, Mr. Atkins states the following:

1.  Mr. Atkins is indigent and has proceeded *in forma pauperis* in all courts to date, state and federal, in his capital case proceedings.  These proceedings  include the trial court, Dept. XI, Clark County, Nevada (*State v. Atkins,* No. C120438); the Nevada Supreme Court (*Atkins v. State,* 112 Nev. 1122, 923 P.2d 1119 (1996);  the Eighth Judicial District Court of Nevada (*Atkins v. Nevada*, C120438); this court, the United States District Court for the District of Nevada (*Atkins v.Baker*, No. 2:02-cv-1348); the Ninth Circuit Court of Appeals (*Atkins v. Bean,* 122 F.4th 760 (9th Cir. 2024) and the United State Supreme Court. (*Atkins v. Bean*, No. 24-7302 (cert. denied, Oct. 24, 2025)).[1]

---

[1] The procedural history of Mr. Atkins' case is summarized in his motion to intervene, ECF No. 365 at 2-3, and need not be repeated here.

2. Mr. Atkin's interest in this litigation cannot be protected or represented adequately unless he is allowed to intervene as a plaintiff. Accordingly, Mr. Atkins submits he is entitled to intervene in this action as of right pursuant to Fed. R. Civ. P. 24(a)(2). (ECF No. 365).

3. Mr. Atkins has challenged his conviction and death sentence in federal court with his petition for writ of habeas corpus under 28 U.S.C. § 2254. Undersigned counsel was appointed to represent Mr. Atkins in the U. S. District Court for the District of Nevada, under 18 U.S.C. § 3599, on July 28, 2015 (ECF No. 162) and the appointment was accepted on August 5, 2015. (*Atkins v. Baker*, No. 2:02-cv-1348, ECF Nos. 162, 165). Undersigned counsel has represented Mr. Atkins in that court; the Ninth Circuit Court of Appeals; and the United States Supreme Court. Undersigned counsel has not represented Mr. Atkins in state court.

4. Sec. 3599 requires a federal court to provide a death-sentenced prisoner with representation for proceedings challenging a death sentence brought under 28 U.S.C. § 2254 and "throughout every subsequent state of available judicial proceedings" including "applications for stays of execution and...clemency." *See also Harbison v. Bell*, 556 U.S. 180 (2009).

5. Any requirement of "actual injury," *Lewis v. Casey*, 518 U.S. 343, 352-356 (1996) as a result of the non-appointment of counsel is easily shown. With a life at stake, and an execution date-setting pending, counsel proceeding *pro bono* cannot adequately perform needed tasks, aside from the statutorily-defined "applications for stays of execution and...clemency" in this on-going lawsuit.[2]

---

[2] T he other plaintiffs are represented by the Federal Public Defender.

6. These factors strongly indicate that appointment of undersigned counsel would be in the interests of justice. Mr. Atkins is in agreement with this motion.

**Scope Of The Requested Appointment**.

7. As discussed *supra*, undersigned is appointed federal counsel under § 3599 which specifies applications for stays of execution and clemency proceedings. Any future proceedings, such as the currently pending challenge to the lethal injection protocol, may not be covered under § 3599.

8. Undersigned counsel seeks the appointment for any subsequent federal court proceedings and motions, including any subsequent proceedings in this Court. Clemency proceedings and applications for stays of execution are presumably covered by the undersigned's current federal appointment.  Of course, any request for attorney fees would be subject to scrutiny as to appropriateness and reasonableness of the fee request, as with any other appointment of counsel or funding request presented to this Court.

Counsel for defendants and the party plaintiffs are unopposed to this motion.

WHEREFORE, Plaintiff Sterling Atkins Jr. respectfully requests that this Honorable Court appoint A. Richard Ellis to represent him in this matter.

DATED: April 28, 2026.

Respectfully submitted,
A. Richard Ellis
Nevada Bar No. 4593
105 Quarry Road
Mill Valley, CA 94941
Phone: (415) 389-6771
Fax:   (415) 389-0251
E-Mail: a.r.ellis@att.net

**IT IS SO ORDERED.**

**DATED:** April 29, 2026 _____

_____
UNITED STATES MAGISTRATE JUDGE

5